Daniels *vs.* Meinhard Brothers & Company *et al.*

THOMAS DANIELS, plaintiff in error, *vs.* MEINHARD BROTH-
ERS & COMPANY *et al.*, defendants in error.

1. A garnishee, by his answer, discharges himself from any liability un-
der the summons. There is no traverse of his answer, and subse-
quently money of the principal debtor, coming into his hands, another
summons is served upon him. Under this last summons he returns
the money into court:
*Held*, that no lien under the first garnishment attached to the money.
2. If intermediate the answer to the first summons and the service of the
second, there was a *bona fide* transfer of the claim due the debtor
(and which was collected by the garnishee) to another creditor, such
last mentioned creditor has a good claim to the money.
3. The holder of a fire insurance policy, after a claim against the com-
pany has accrued under it, may *bona fide* assign in writing an interest
in the same to a creditor to the extent of such creditor's debt.
4. Garnishment sued out against and served upon A and B, agents of an
insurance company, does not bind a debt or liability due from the com-
pany to the principal debtor, unless the agents have the funds due such
debtor, or its equivalent, in their hands at the time of their answer.
If, after the money is sent to the agents by the company, a similar
garnishment is served upon them, it is the latter service which fixes
the lien of the garnisheeing creditor.

Garnishment. Principal and agent. Insurance. Debtor
and creditor. Before Judge SCHLEY. Chatham Superior
Court. May Term, 1874.

Meinhard Brothers & Company, Max Krauss & Company,
Lilienthal & Kohn, and Symons & Company, defendants in
error, were creditors of one Philip A. Zoller, who had sus-
tained a loss by fire of certain goods which were covered by
a policy of insurance issued to him by the Franklin Fire In-
surance Company of Philadelphia, through their agents in
Savannah, Purse & Thomas. On March 14th, 1872, Mein-
hard Brothers & Company, and Max Krauss & Company,
commenced suit against Zoller, in the city court of Savannah,
and, on the same day, had summons of garnishment served upon
said Purse & Thomas as the agents of said insurance com-
pany, requiring them to appear at the May term, 1872, of the
said city court, to answer what they were indebted to said

Zoller; at the said May term, they obtained judgment against said Zoller for the amounts of their claims, and subsequently, during said term, the said garnishees answered denying any indebtedness to said Zoller, and their answer was never traversed or in any way objected to. After the adjournment of said court, said creditors, on the 27th day of June, 1872, without giving any new bond or making any new affidavit, caused a second summons of garnishment to be served on said Purse & Thomas by which they were required to answer at the following July term of said court, what they were indebted to said Zoller, at the time of said summons, 27th of June, 1872, and between that date and the time of making return thereto. On the 17th day of August, 1872, said garnishees answered said summons, admitting at that time, 17th August. 1872, an indebtedness to said Zoller of $800 00, which amount was received by them from the Franklin Fire Insurance Company of Philadelpia, as the loss by said Zoller covered by said policy of insurance.

Lilienthal & Kohn, defendants in error, obtained judgment against said Zoller at the same May term and on the same day as said Meinhard Brothers & Company, and Max Krauss & Company, and pursued the same course with like results as hereinbefore stated, *with this exception only*, that they did not commence suit until the 18th day of April, 1872, or sue out any summons of garnishment prior to that time.

The remaining defendants in error, Symons & Company, commenced suit against said Zoller, in a magistrate's court, on the 6th day of April, 1872, and obtained judgment on the 27th day of the same month, having, at the commencement of said suit, garnished said Purse & Thomas, and subsequently obtained judgment against them as garnishees, they having made a return on the 17th day of August, similar to that made in the cases before stated. At the November term, 1872, of the city court of Savannah, the judge of said court passed the following order:

"It appearing to the court that the sum of $800 00 has been returned by Purse & Thomas, as agents of the Franklin

Daniels *vs.* Meinhard Brothers & Company *et al.*

Fire Insurance Company of Philadelphia, garnishees, as in their hands subject to the order of the court; and it further appearing that there are various parties besides those in this court, who claim certain interests in and liens upon said fund, which parties are represented by Thomas R. Mills, Jr., and R. R. Richards, attorneys of this court; and it being further represented that all parties in interest are anxious and willing that all claims, and liens, and priorities existing against, or arising out of, said sum of money, or which any one or all of said parties may have, should be determined by this court in as full a manner as if it were a court of equity, sitting for the purpose of distributing said sum of money according to the priorities established by law. It is ordered that said parties, so represented by said attorneys, Thomas R. Mills, Jr., and R. R. Richards, be, and they are hereby permitted to file in this court a statement of their respective cases, after which they shall have all such rights in this court as they might or could have had had they regularly claimed said money by a proceeding instituted for that purpose. The statements of said cases shall not, however, be conclusive upon those parties who have brought said sum of money into court, but they, or any of them, shall have the right to traverse the truth of the facts alleged therein. (Signed) W. S. CHISHOLM, Judge."

Whereupon said Symons & Company filed a statement of their case in substance as heretofore set forth, and plaintiff in error also filed the statement of his claim in substance as follows: That said Zoller, prior to sustaining said loss covered by said policy of insurance, was indebted to him in the sum of $326 00, and upon applying for payment, after said loss was sustained, said Zoller offered to pay him out of the money which would accrue out of said policy, which was then in the hands of T. R. Mills, Jr., and S. W. Goode, attorneys at law, for collection, against said insurance company; that said Zoller, in consideration of his said indebtednes and a forbearance on plaintiff in error's part to sue him, delivered to him on the 27th day of March, 1872, the following order or draft:

" Messrs Mills and Goode will please pay to Thomas Daniels the sum of three hundred and twenty-six ($326 00) dollars out of the money due me on policy of insurance given by the Franklin Insurance Company of Philadelphia, through their agents, Purse & Thomas, at Savannah, Georgia.

  (Signed)   ·   P. A. ZOLLER.

" 27th March, 1872."

" Accepted, and payable when we collect the money on said policy.  (Signed)   " T. R. MILLS, Jr.,

          " SAMUEL W. GOODE,

             " per Goode."

That on the 28th day of March, 1872, the following paper, as additional evidence of plaintiff in error's interest in said policy, was delivered to him by said Zoller :

" $326 00. To T. R. Mills, Jr., and S. W. Goode. In consideration of a forbearance to sue, I hereby transfer and assign to Mr. Thomas Daniels an interest to the extent of $326 00 in my policy in the Franklin Fire Insurance Company, said policy to be collected by my attorneys, and that amount to be paid to him out of proceeds.

  (Signed)    " P. A. ZOLLER."

" Accepted, payable when collected.

  (Signed)    " T. R. MILLS, Jr.,

         " S. W. GOODE."

That in addition to the said orders or drafts, the following arrangement was agreed upon between said Zoller and his said attorneys, and plaintiff in error, on said 27th day of March, 1872, all being present; that on and after date plaintiff in error had an interest to the extent of $326 00 in said policy of insurance, and said attorneys were to hold said policy and collect any amount due or to be due thereon, for plaintiff in error's benefit to the extent of his said interest, and for the purpose of *first* paying said accepted orders or drafts, and notice of plaintiff in error's said interest in said policy was, on the same day, given to said insurance company through their said agents, Purse & Thomas.

Daniels *vs.* Meinhard Brothers & Company *et al.*

There being no question of fact in dispute the court ordered said fund to be distributed among the defendants in error, to the exclusion of plaintiff in error. The latter petitioned for the writ of *certiorari* which was ordered to issue. Afterwards, on the final hearing, the decision of the city court was affirmed except in one unimportant particular. To which ruling plaintiff in error excepted. ·

R. R. RICHARDS, by A. B. SMITH, for plaintiff in error.

JULIAN HARTRIDGE, by GEORGE A. MERCER, for defendants.

TRIPPE, Judge.

1. When the garnishees answered the first summons and there was no traverse of that answer, they were discharged from any liability under that proceeding. From the facts shown by the record, they could have made no other answer than the one they did. They had no money or effects of the principal debtor in their hands. Those proceedings being thus ended or determined, another garnishment was served upon them, and under this, money was returned into court. No lien under the first garnishment could attach to this fund because it was not a garnishment pending; it was *functus officio*, else there was no necessity for the second garnishment.

2. Intermediate the answer to the first and service of the second summons, the debt on which the money afterwards was paid to the garnishees, had been assigned to another creditor of the principal debtor. When the money was thus received by the garnishees, the claim on which it was collected did not belong to the debtor, nor was the money his, at least, so far as to the amount of the assignment. The claim that Zoller, (the debtor) held against the insurance company, was a *chose* in action, and section 2244 of the Code says: that all *choses* in action arising upon contract, may be assigned so as to vest the title in the assignee. The case of *Walton vs. Bethune,* 37 *Georgia,* 319, goes far in sustaining the rights of creditors

to claims which have been assigned by a debtor for the payment of creditors, and that, too, as against other creditors who attach and garnish for the purpose of reaching the claims so assigned : See Drake on Attach., section 709; 13 Mass., 304; 17 Johns, 284.

3. We see no reason why the holder of a fire insurance policy, after a claim against the company has accrued under it, may not *bona fide* assign in writing, an interest in it to a creditor, and to the extent of the debt due such creditor.   Here the assignment was formal and in writing, with an order to the debtor's attorneys, in whose hands the claim on the insurance company was placed, and an acceptance of that order by the attorneys.   It is similar in many of its features to the case in 37 *Georgia, supra.*

4. This court, in the case of *Selma Rome and Dalton Railroad Company vs. Tyson,* 48 *Georgia,* 351, held that a foreign corporation doing business in this state may. be garnished for a debt it may owe in the state.   But there, although the service of the summons was on the agent, it was directed to the corporation.   Had it simply been a summons directed to the agent of the corporation, it would not have bound it. It could not have been treated as anything more than a process to the party to whom it was addressed and upon whom it was served.   If Purse & Thomas had had in their hands at the time the first summons was served upon them, the money which was afterwards sent to them, then it could have been reached by it, and doubtless they would have made answer accordingly.   But that garnishment sued out and served upon them, to-wit: Purse & Thomas, agents, etc., was not a process against the insurance company, and did not bind a debt or liability due from the company to the principal debtor. We think there was error in the judgment of the court postponing the claim of plaintiff in error to other creditors, and are of opinion that a *bona fide* transfer made by the debtor, P. A. Zoller, of an interest in his claim against the insurance company, gave the assignee a right to his portion of the fund superior to that of the creditors whose garnishments were

sued out subsequent to the assignment, and which brought the money into court.

Judgment reversed.