DURDEN, J. P., *vs.* BELT.

1. When the basis of a garnishment is a suit pending in, or a judgment rendered by, the superior court, the garnishment, if returnable to a justice court, is void. The latter court has no jurisdiction of the subject matter.

2. If money be paid to a justice of the peace by the defendant in an execution issued from the justice court of the district in which said justice of the peace presides, the payment being induced by a void summons of garnishment, and a void judgment rendered thereon by the justice, he having no jurisdiction of the garnishment proceeding, the justice acts ministerially in receiving the money; and after the defendant in the execution has filed an affidavit of illegalty thereto, on the ground of such payment, thereby yielding his right to reclaim the money, the plaintiff in the execution may, by rule in the superior court, compel the justice of the peace to pay over said money to him as a collection made upon the *fi. fa.*; and that the justice has paid it over to the plaintiff in the void garnishment (a creditor of the plaintiff in the judgment) will not protect him.

3. When, to a *rule nisi* against him in the superior court, a justice of the peace answers that he acted judicially in respect to the fund in controversy, and his answer is traversed, and the correctness of the answer depends solely upon a question of law arising upon the face of certain documents from his own court, produced by the justice in response to the rule, the traverse is for decision by the court, and not for trial by the jury.

Garnishment. Judgment. Justice of the Peace. Rule. Before Judge TOMPKINS. Emanuel Superior Court. April Term, 1878.

On December 1st, 1877, Daniels made affidavit that Belt was indebted to him in the sum of $100.00 on a judgment rendered by the superior court of Burke county at the spring term, 1876, and that he apprehended the loss of said sum unless summons of garnishment issued. Lewis, J. P., issued summons of garnishment addressed to Davis, returnable at a justice court to be held in the 59th district, G. M., (Emanuel county). Davis answered that he was indebted to Belt $66.02, for which amount Durden, J. P., rendered judgment in favor of Daniels. The debt from Davis to Belt was already in judgment in the same district, the judgment being in favor of Belt and against Davis. The garnishee paid this amount to the justice, and was discharged as garnishee. Subsequently, an execution in favor of Belt against Davis, founded on the original judgment in the justice court, was levied upon certain property of defendant, to which he filed an affidavit of illegality, setting up

payment based upon the above facts as to the garnishment and judgment thereon, etc.

Belt thereupon sued out a rule in the superior court against Durden, J. P., requiring him to show cause why the money collected by him as above stated from Davis, should not be paid over to his execution. Durden answered that the money aforesaid was appropriated to the execution in favor of Daniels by a judgment rendered by him as a justice of the peace; that movant failed to avail himself of his only remedy by appeal for any error that might have been committed in the rendition of such judgment, etc.

This answer was traversed by movant.

When the issue thus presented was called for trial, respondent moved to dismiss the rule upon substantially the same ground as is set forth in the answer. The court inquired whether, if such motion were overruled, respondent would demand a trial by jury. It was replied that he would. The presiding judge then stated that he would take the papers to his room that night and would pass upon the motion in the morning. At the time stated, judgment was rendered against the respondent for the amount in controversy with twenty per cent damages from the date of the rule.

To this judgment respondent excepted, and assigns as error that the court overruled his motion to dismiss, and that it passed upon the facts after a traverse of the answer had been filed, without his consent.

CAMP & LIVINGSTON, by brief, for plaintiff in error, cited Code, §§3954, 3950, 3952, 3961; 5 *Ga.*, 384; 53 *Ib.*, 569; constitution of 1868, Code, §5104; constitution of 1877, art. 6, §7, par. 2; Code, §§3610, 4159; 46 *Ga.*, 41.

No appearance for defendant.

BLECKLEY, Justice.

Belt was debtor to Daniels, by judgment in a superior court, and creditor to Davis, by judgment in a justice court. Dan-

iels undertook to collect from Belt by means of a garnishment addressed to Davis. But instead of having Davis summoned to a superior court, the like court to that in which the judgment in favor of Daniels against Belt was rendered, he had him summoned to the justice court, the same in which the judgment in favor of Belt against Davis was rendered. Thus he planted his garnishment where it could not possibly take root, for a garnishment based on a judgment must be returnable to the court in which the judgment was obtained, or to a like court if the garnishee resides in a different county. Code, §§3536, 3537. Daniels' judgment against Belt was the basis of the garnishment, and as that judgment was rendered by a superior court, the justice court had no jurisdiction.

2. Nevertheless, Durden, the justice of the peace, assumed jurisdiction, rendered judgment against Davis, the garnishee, collected the money, and paid it over to Daniels. All of which, except receiving the money, was utterly void. As the justice of the peace could not act judicially where he had no jurisdiction, he must be treated as having acted ministerially throughout, and as there was a legal judgment in his court against Davis in favor of Belt, to which he could have applied the money, and which Belt intended to discharge, and thought he was discharging by the payment, the justice should, as a collecting officer, have applied it to that judgment. There was no other judgment against Davis before him, for the pretended judgment in favor of Daniels on the garnishment was an utter nullity. It cannot be allowed for a collecting officer to discharge himself by paying out money upon a void judgment rendered by himself. In this state, justices of the peace are not exclusively judicial officers; they are likewise collecting officers. Durden had legal authority to collect the judgment in favor of Belt against Davis, and though he effected the collection by means of rendering a pretended judgment on the void garnishment at the instance of Daniels, that made no material difference in the validity of the collection. At all events,

Davis could not reclaim the money from Durden after filing an affidavit of illegality to the *fi. fa.* in favor of Belt, on the ground of the payment in question. This affidavit was filed before the rule by Belt against Durden was brought. At the time of the rule, Durden, as a justice of the peace, had collected the money for which Belt's judgment was rendered against Davis. On that ground, Davis had resisted a levy of Belt's *fi. fa.*, swearing that he had paid it, and that it was proceeding illegally. These facts rendered Durden *prima facie* liable on the rule. His sole excuse for not paying the money to Belt, was that he had paid it to Daniels on the judgment in the garnishment proceeding, a proceeding over which he had no jurisdiction. The defect of jurisdiction was as to the subject matter, and therefore was not cured by the garnishee's appearance and answer. It was apparent on the face of the proceedings. What may be Durden's right to take an interest, by way of subrogation, in Daniels' superior court judgment against Belt, we do not decide, the question not having been made or argued.

3. There was nothing for a jury to try. The court did not err in making the rule absolute.

Judgment affirmed.