THE NORTH BRITISH AND MERCANTILE INSURANCE COMPANY
v. H. L. STORMS ET AL.

No. 626.

**Citation Served on Agent of Corporation.**—Citation was served upon the local agent of the defendant, a nonresident insurance company. The petition alleged that the insurance money was payable to the local agent and another, as their interest might appear, and they were made parties. Judgment by default was rendered against the insurance company. Motion was made in its behalf, supported by affidavit, to set aside the default on grounds that the local agent was interested adversely to the defendant, and that it had a meritorious defense on ground of over insurance without the consent of the defendant. *Held*, error to overrule such motion. Service on an agent adversely interested would not bind the defendant.

APPEAL from the County Court of McLennan.   Tried below before Hon. W. H. JENKINS.

*Clark, Dyer & Bolinger,* for appellant.—The only service of process supporting said judgment by default was had on appellee John M. Dockery, as local agent of appellant, and such service was invalid and did not authorize the judgment, for the reason that said Dockery was a party to said suit and adversely interested against appellant, and in fact was the absolute owner, in connection with Thomas B. Dockery, of the loss sued for, as shown by the plaintiff's petition and the policy sued on and the pleading of the said Dockery on file at the time said default was taken. Rev. Stats., arts. 1223, 1223a; Davis v. Hamlin, 108 Ill., 39; Tewksbury v. Spruance, 75 Ill., 187; Walker v. Palmer, 24 Ala., 358; Taussig v. Hart, 25 N. Y., 425; Am. Encycl. of Law, vol. A, 335; Wardell v. Railway, 103 U. S., 651; Cook v. Sherman, 20 Fed. Rep., 167; 1 Mora. on Corp., secs. 517–524, and authorities.

*S. L. Samuels,* for John M. and Thomas B. Dockery, and *William M. Flournoy* and *E. A. McKinney,* for H. L. Storms.

KEY, ASSOCIATE JUSTICE.—Appellee Storms brought suit against appellant, alleging, substantially, that appellant had insured certain premises belonging to the appellee against fire; that there was a total loss of

the house by fire, and that by reason of the contract of insurance he was entitled to recover the sum of $400, the full amount stipulated in the policy. He further alleged, that by the terms of the policy the loss was made payable to Thomas B. Dockery and John M. Dockery as their interest might appear, and prayed that said Dockerys be cited to appear and show what, if any, interest they had in said policy. Citations were issued and served on each of the Dockerys as defendants, and also on John M. Dockery as agent of appellant.

On May 6, 1891, which was default day, appellees the two Dockerys filed a plea of intervention, claiming the entire proceeds of said insurance policy, and adopted the plaintiff's petition as their own.

Judgment by default was taken against appellant in favor of Storms for $413.44, but the cause was held open for adjustment between Storms and the Dockerys.

On May 12, 1891, appellant moved to set aside the judgment by default, on the ground that it had a meritorious defense and had not been served with citation, in that the said John M. Dockery, to whom citation was delivered as appellant's agent, was interested in the cause adversely to appellant. The defense stated was that Storms had violated the terms of the policy by obtaining concurrent insurance without appellant's consent. It was further shown in said motion, that except as it might stand charged by the service of citation on John M. Dockery as its agent, appellant had no actual knowledge that the suit had been filed until the day the judgment by default was taken, when its secretary, T. A. Manning, who resided in Dallas, Texas, upon his return from a temporary absence from the State, found in his office the copy of citation which had been served on John M. Dockery, it having been forwarded by mail from Waco to Dallas. This motion was overruled.

After this, the Dockerys, as intervenors, procured citation to appellant, having the same served on said T. A. Manning, its secretary. At the July Term, 1891, the Dockerys amended their plea of intervention, and asked for judgment against Storms and appellant. Appellant then filed an answer to the merits, interposing the defense herefore stated, which, upon motion, was stricken out. Final judgment was then rendered against appellant in favor of Storms, for the use and benefit of the intervenors, the Dockerys.

The judgment appealed from must be reversed. If the plaintiff's petition did not show on its face that John M. Dockery, upon whom citation was served as appellant's agent, was interested in the suit adversely to appellant, the motion to set aside the judgment by default, which was supported by affidavit, and the position which said Dockery assumed in the litigation, clearly establish the fact that he was thus adversely interested. This being the case, he could not be appellant's agent, in the

sense that citation served upon him in this case as such agent would bind appellant.

The motion to set 'aside the judgment by default should have been granted. For the same reason the court erred in not allowing appellant to present its defense at the subsequent term of the court.

The judgment appealed from will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 7, 1894.