CATHCART, executrix, *v.* CINCINNATI, HAMILTON AND DAYTON RAILWAY COMPANY.

1. Due and legal service of a summons of garnishment purporting to have been made on September 23, 1895, upon a foreign corporation doing business in this State, was shown by the entry of a proper officer, stating that the summons was served personally upon a designated person, and describing him as an agent of such corporation. It was not then essential that such entry should further state that the agent thus served was "in charge of the office or business" of the corporation.
2. Nor did the fact that the agent was himself the defendant in the judgment upon which the garnishment proceedings were sued out against his principal render the service invalid.

Argued May 23, — Decided July 22, 1899.

Illegality.   Before Judge Reid.   City court of Atlanta. September term, 1898.

*T. C. Battle, M. A. Hale,* and *J. K. Hines,* for plaintiff.
*Dorsey, Brewster & Howell,* and *Hugh M. Dorsey,* contra.

LUMPKIN, P. J.   A judgment was rendered by the city court of Atlanta in favor of Mrs. Cathcart as executrix, against the Cincinnati, Hamilton & Dayton Railway Company, a foreign corporation, as garnishee.   The garnishment suit was based upon a judgment against J. H. Rathburn, and the execution issued upon the judgment against the company as garnishee was levied upon its property.   It filed an affidavit of illegality, alleging that it had never been served with any summons of garnishment and had never by any agent or attorney waived service or in any manner submitted itself to the jurisdiction of the court.   On the trial of the illegality the plaintiff tendered in evidence an entry, purporting to show service of the summons of garnishment, in the following words : "Served the Cincinnati, Hamilton & Dayton Railway Company by serving J. H. Rathburn, General Agent, personally with summons of garnishment, at 9.30 A. M.   This September 23rd, 1895. J. M. Payne, L. C."   Counsel for the company objected to the introduction of this evidence, upon two grounds : "1st.   That, the defendant being a non-resident, the return of the constable was insufficient, in that he did not show that J. H. Rathburn was in possession and control of the office of the defendant company at the time.   2nd.   That J. H. Rathburn, upon whom service was sought to be made to bind the Cincinnati, Hamilton & Dayton Railway Company, was also the defendant in the main suit, as above set out and admitted in evidence."   To the rejection of this evidence and an order dismissing the levy the plaintiff excepted.

1. The first objection urged against the admissibility of the entry of service is predicated upon the contention that the same should have shown that Rathburn was the agent of the company in charge of its office or business in Fulton county, and in support of this contention counsel for the company relied on section 4710 of the Civil Code.   This section is un-

questionably broad enough in its terms to cover all corporations, foreign or domestic. It will be observed, however, that the entry of service with which we are now dealing was made September 23, 1895, which was prior to the passage of the act adopting the present code. We must, therefore, look to the law governing the service of garnishments in force at the date last mentioned. The act of October 16, 1885 (Acts of 1884–5, p. 99), is inapplicable to the present case, because its provisions are expressly limited to corporations and mining or joint stock companies "chartered by authority of this State." So the question is: What was the law as to the service of garnishments upon foreign corporations prior to the passage of that act? This question is answered by a decision of this court in *Selma R. Co.* v. *Tyson*, 48 *Ga.* 351, holding that a garnishment could be lawfully served upon a foreign corporation by making personal service upon any agent of the company in this State. This decision has never been overruled, and is cited approvingly in *Daniels* v. *Meinhard*, 53 *Ga.* 359, 364, *Western Railroad* v. *Thornton*, 60 *Ga.* 310, and *Schmidlapp* v. *Insurance Co.*, 71 *Ga.* 249. These cases are all applicable to the question now under consideration; for it is to be noted, in this connection, that the affidavit of illegality interposed by the Cincinnati, Hamilton & Dayton Railway Company does not allege that it was not doing business in this State.

2. The other point made on the service as evidenced by the officer's return is that the same was unlawful, because Rathburn, the person served, was himself the defendant in the original judgment. In law this is a matter of no consequence. It was argued, however, that this point was well taken, for the reason that it would be to Rathburn's interest to conceal from his principal the fact that a garnishment had been served upon him as its agent, and thus, by allowing judgment against the company to be entered by default, to put upon it the burden of satisfying his indebtedness. There is no force in this position, for in no event could Rathburn, by pursuing such a course, relieve himself of that indebtedness. If the company paid off the judgment against him, he would then become liable to the company in the same amount, and be in no better situation

than he was before. Again, we are inclined to believe that the agent of a railway company served as such with a summons of garnishment directed to the company would be diligent in informing his principal of the fact, in order that it might, if not really indebted to him, make the proper answer and be discharged. Good faith in this respect would naturally be expected of the agent, and, moreover, it is far from likely that the corporation would retain in its service an employee who was remiss in his duty in a matter of this kind. So there is no good reason for supposing that such an agent as Rathburn would, merely because of his being the plaintiff's debtor, fail to inform his principal, the railway company, of the service upon him of the summons of garnishment.

*Judgment reversed. All the Justices concurring.*