### DRAKE *v.* BROWN MANUFACTURING COMPANY.

CANDLER, J.   A motion to set aside a judgment must be predicated upon some defect apparent upon the face of the record. *Sweat* v. *Latimer*, 119 *Ga.* 615, and cit.   It was accordingly not error to sustain a demurrer to such a motion based upon the ground that the movant had never been served with proper process in the suit wherein the judgment sought to be set aside was rendered, when it affirmatively appeared upon the face of the record that he had been so served.           *Judgment affirmed.    All the Justices concur.*

Argued December 13, — Decided December 21, 1904.

Motion to set aside judgment.   Before Judge Henderson.   City court of Vienna.   January 27, 1904.

Suit was brought, returnable to the October monthly term, 1903, of the city court of Vienna.   The process required the defendant to "appear at the next monthly term of the city court of Vienna, on the third Tuesday in Oct. next, then and there to answer," etc.   The sheriff made a return of personal service upon the defendant of "a copy of the within writ and petition."   On November 27, at the November monthly term, judgment against the defendant was rendered, reciting that the suit was based on an open account, that the defendant's plea had been stricken, and that the case stood in default.   In January thereafter the defendant moved to set aside the judgment, on the grounds, that he was never served with any process to appear at the monthly term, never filed any plea to the monthly term or authorized any one to do so for him, never waived service and copy of process, and never had opportunity to plead in said suit; that he had a good defense, and had not had his day in court; and that in response to the copy process served on him, requiring him to "appear at the Oct. quarterly term, 1903," of said court, he filed his plea and answer

at said term. On demurrer the motion was overruled, and the defendant excepted.

*Busbee & Busbee, J. M. duPree,* and *J. H. Hall,* for plaintiff in error. *Whipple & McKenzie,* contra.