### 7494. PRODUCERS NAVAL STORES CO. *v.* BREWTON.

Plea in abatement and a traverse, with both the sheriff and the deputy sheriff as parties, were necessary, to raise an issue as to the truth of the deputy sheriff's return of service; and, the sheriff not being made a party, the traverse was a nullity. Failure to make this objection to the traverse did not cure this defect.

DECIDED NOVEMBER 22, 1916.

Traverse of return of service; from city court of Reidsville—Judge Collins. March 27, 1916.

Bail-trover was brought by Brewton against the Producers Naval Stores Company, and the deputy sheriff made a return of service on the defendant. The return was traversed at the first term, and the deputy sheriff was made a party to the traverse, but the sheriff was not made a party. The defendant demurred to the plaintiff's petition, an amendment to the petition was allowed, over objection, and the court overruled the demurrer. The issue made by the traverse was tried by a jury, and the verdict was against the traverse. The defendant made a motion for a new trial, on the grounds that the verdict was contrary to law and to the evidence; the motion was overruled, and it excepted, assigning error on that judgment, and on the allowance of the amendment to the petition and the overruling of the demurrer.

*H. H. Elders,* for plaintiff in error.    *J. P. Moore,* contra.

WADE, C. J. 1. The return of service by the deputy sheriff was traversed, and he was duly made a party to the proceedings, by order of the court. There was, however, no attempt to make the sheriff also a party. "Objections to the return of a deputy sheriff which shows legal service on a defendant must be raised before judgment, by a plea in abatement, and in connection therewith the return must be duly traversed, and both the sheriff and the deputy sheriff are necessary parties to the traverse." *Georgia Railway &*

*Power Co.* v. *Davis,* 14 *Ga. App.* 790 (82 S. E. 387). "When the record shows a valid return of service, and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be duly traversed. . . Being a dilatory plea, it must be filed at the first term, at least at the first term after notice, and must be sworn to. . . Unless duly traversed, the return of the sheriff is conclusive. If the return is made by a deputy sheriff, both the sheriff and the deputy sheriff must be parties to the traverse." *Bell* v. *N. O. & N. E. R. Co.,* 2 *Ga. App.* 812 (2), 816 (59 S. E. 102). When the sheriff is not made a party, as well as the deputy who made the return, "there is no such attack made upon the return as would justify, under the law, a judgment setting aside; and the proceedings had on such a defective traverse could amount to nothing where the traverse is not sustained, since the effect would be merely to 'disallow' the traverse and leave the original return, with all the solemnity properly attaching to it, untouched and conclusive as to the statements properly made in it." *Georgia Railway & Power Co.* v. *Davis,* supra.

3. The sheriff and the sureties on his official bond were vitally interested in the question raised by the traverse to the return made by his deputy (*O'Bryan* v. *Calhoun,* 68 *Ga.* 215); and, in the absence of a proper traverse, with the sheriff a party thereto, as well as the deputy sheriff, the traverse was a mere nullity, and the return itself remained conclusive as to its recitals. The failure to object on account of the fact that both the sheriff and his deputy were not made parties could not "vitalize that which falls short of what the law declares necessary in order to even raise an issue of this kind for trial; and it follows as a logical sequence that the entire attack made on the return of the sheriff, including the judgment of the court, and regardless of whether the court reached the right and proper conclusion upon legal and sufficient evidence or not, left matters exactly where they were when the attempted traverse was filed, to wit, with a legal and sufficient return from the officer, showing service upon the defendant, which is conclusive as to such service, in the absence of such an attack as constitutes the sole attack authorized by law." *Georgia Ry. & Power Co.* v. *Davis,* supra.

*Judgment affirmed.*