*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general.* contra.

---

### 13586. IVEY *v.* CITY OF WARRENTON.

1. The clerk of the board of councilmen for the City of Warrenton has no authority to acknowledge service for the city of a notice of the sanction of a writ of certiorari.
2. Where an attempt is made to raise by traverse an issue as to the truth of a sheriff's return, and he is not made a party thereto, the traverse is a nullity.
DECIDED JULY 11, 1922.

Certiorari; from Warren superior court — Judge Shurley. April 8, 1922.

*R. W. Ware,* for plaintiff in error. *L. D. McGregor,* contra.

BLOODWORTH, J. Under the facts of this case the judge of the superior court did not err in passing the following order: " It appearing that notice of sanction, time, and place of hearing the within certiorari was not given the defendant in certiorari as provided by law, it is ordered, upon motion of counsel for defendant in certiorari, that the within petition be and the same is hereby dismissed." This order was passed upon a motion to dismiss the certiorari because the plaintiff in certiorari had failed

to give written notice "of the sanction of the writ of certiorari and also of time and place of hearing," as provided by section 5190 of the Civil Code of 1910. The burden was upon plaintiff in certiorari to show that he had complied with this provision. See, in this connection, *Hudson* v. *State,* 21 *Ga. App.* 506 (94 S. E. 581). This he sought to do as follows: (*a*) By producing a certificate from one who certified that he "was clerk of the board of councilmen for the City of Warrenton at the time the certiorari was granted," and "as such clerk of the board of councilmen . . did in good faith and with full knowledge acknowledge the service of the same together with the time and place of hearing, and did state to R. W. Ware [counsel for plaintiff in certiorari] that I would waive all writing as to notice whatsoever, and as such did waive all notice in writing as to the sanction of said certiorari, the time and place of hearing, and all other and further notice." This certificate is ineffectual, because the clerk of the city council had no authority to acknowledge service for the city, and for the further reason that the waiver does not appear to have been in writing, and no such waiver appears in the record. *Mc-Connell* v. *Folsom,* 4 *Ga. App.* 535 (61 S. E. 1051). "The fact that counsel for defendant in error has actual parol notice of the sanction of the certiorari and of the time and place of the hearing makes no difference." *McGee* v. *Lowry National Bank,* 9 *Ga. App.* 668 (72 S. E. 67). (*b*) By attempting to traverse the return of the sheriff, which is as follows: "I hereby certify that I have this day served a correct copy of the foregoing writ of certiorari from the mayor's court of the City of Warrenton, in the within case, upon J. H. Battle, mayor of the City of Warrenton and before whom E. P. Ivey was tried." Realizing that this return did not show a compliance with § 5190, supra, the plaintiff in certiorari attempted to traverse it, and alleged that it "did not state the true service made by the sheriff," and further alleged that the sheriff served upon J. H. Battle, the mayor, a copy of the petition for certiorari, together with the prayer thereof, and also served said mayor with "the sanction by the judge of the superior court of Warren county of the petition as prayed for, together with the writ of certiorari issued by the clerk of the superior court." However, as the traverse contained no prayer that the sheriff be made a party thereto, and as he was not made

a party to the traverse, it was a nullity. *Producers Naval Stores Co.* v. *Brewton,* 19 *Ga. App.* 19 (90 S. E. 735).

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*