22666. DAVISON-PAXON COMPANY *v.* COLUMBIA BUILDING AND LOAN ASSOCIATION.

STEPHENS, J. 1. Section 46 of the act creating the municipal court of Atlanta, as amended (Ga. L. 1913, pp. 145, 171; Ga. L. 1918, p. 348), which provides for the opening of a default by the defendant as a matter of right within five days from the rendition of the judgment, upon his filing with the clerk of the court an affidavit that he has a good defense, etc., has no application to a judgment rendered against a garnishee who has defaulted in making answer to the summons of garnishment. *Payne* v. *Alterman*, 42 *Ga. App.* 663 (157 S. E. 121); *Brown Realty Co.* v. *Joel Hunter Co.*, 44 *Ga. App.* 146 (160 S. E. 681). While, as provided

in section 5 of an act approved August 19, 1916, amending the act of 1913, creating the municipal court of Atlanta (Ga. L. 1916,. pp. 199, 202), any judgment rendered by a judge of the municipal court of Atlanta shall, during the term, be in the breast of the court, and the judge shall have the right to "vacate, modify, or set aside said judgment during the same term, upon the same grounds as may be done by the judges of the superior courts," the judge, after having regularly entered a judgment against the garnishee who has defaulted in answering the summons of garnishment, may, during the term, set aside such judgment only in the event there appears some just and satisfactory reason, in the discretion of the judge, why the garnishee defaulted in answering the summons of garnishment. He can not arbitrarily set aside the judgment.

2. Where, in the municipal court of Atlanta, a judgment against a garnishee who had defaulted in answering a summons of garnishment was duly rendered, on motion of the plaintiff, after the case had been regularly called in open court, and where during the term, and within five days from the rendition of the judgment, the garnishee moved to set it aside upon the grounds that the summons of garnishment was served upon the garnishee by service upon the defendant in the main case, and that the garnishee had a good defense and desired the privilege of filing an answer to the summons of garnishment, to the effect that the garnishee had never, since the service of the summons of garnishment, had on hand any money, property, or effects of the defendant or owed the defendant anything, and that the garnishee had otherwise complied with the requirements of section 46 of the municipal-court act cited supra; and where upon the hearing of the motion there was no evidence in support of the garnishee's motion to set aside the judgment, but where it appeared, without contradiction, that when the case against the defendant and the garnishee was called a judgment against the garnishee was rendered on motion of plaintiff's counsel, and where it further appeared from the record that the summons of garnishment was served upon the garnishee by service upon a person having the same name as the defendant in the main case (who in fact was the defendant in the main case), as the garnishee's agent and the person in charge of the office and the place of business of the garnishee at the time of the service, the evidence was insufficient to authorize the exercise by the court of any discretion in setting aside the judgment against the garnishee. See *Cathcart* v. *Cincinnati &c. Ry. Co.*, 108 *Ga.* 253 (2) (33 S. E. 875); *Brown Realty Co.* v. *Joel Hunter Co.*, supra.

3. The judge of the municipal court therefore erred in setting aside the judgment against the garnishee, and the judge of the superior court erred in not sustaining the certiorari sued out by the plaintiff to review the judgment of the appellate division of the municipal court affirming the judgment of the judge of the municipal court.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 5, 1933.

*White, Poole, Pearce & Gershon,* for plaintiff.
*Scott Candler, William H. Mewbourne,* for defendant.