## 23922. JEWELL TEA COMPANY v. PATTILLO et al.

STEPHENS, J. 1. Upon the hearing of a motion to arrest or set aside a judgment, and also of an illegality to the levy of an execution upon the judgment, in which the validity of the judgment, which was against

a garnishee which was a foreign corporation, was attacked upon the ground that the return of service of the summons of garnishment, which recited that the corporation was served by personal service of the summons upon a named person who was an agent of the corporation in the city, State, and county, failed to show a lawful service, and was defective in that it did not show service upon the agent in charge of the office or business of the corporation, where the return of service was, without objection, amended by the officer who had perfected service, by an amendment reciting that the individual served, and named in the original return as agent of the company, was in charge of the business of the company in the city, State, and county at the time of service, the return of service as amended showed a proper and legal service as required by section 5270 of the Civil Code of 1910, and, in the absence of a lawful traverse of the officer's return as thus amended, a judgment overruling the motion to set aside or to arrest the judgment and also overruling the illegality, was as a matter of law demanded. See Civil Code (1910), § 2260.

2. Where the entry of service of a summons of garnishment and the amendment to the entry were made by a deputy sheriff, a traverse of the return, whether as originally made or as amended, where only the deputy sheriff, and not also the sheriff himself, had been made a party to the traverse, was a nullity. *Bell* v. *New Orleans &c. R. Co.*, 2 *Ga. App.* 812 (59 S. E. 102); *Producers Naval Stores Co.* v. *Brewton*, 19 *Ga. App.* 19 (90 S. E. 735).

3. Where a foreign corporation engaged in selling groceries to customers at their homes in a city in this State does so by shipping the goods from outside the State direct to its resident agent in this State, and he delivers the goods from a motor-truck to the corporation's customers in this State, and the goods are sold at prices fixed by the corporation, and this agent is paid a base salary and a commission on the sales, and reports and remits collections periodically to the office of the company located outside the State, and the truck from which the goods are sold is provided by the corporation and owned by the corporation, and the corporation's name is conspicuously printed upon the truck, and the corporation also provides and pays for the gasoline and oil used in the operation of the truck and keeps the truck in repair, the corporation is doing business in this State, and the agent engaged in selling the goods in this State is an agent of the corporation in charge of the business of the corporation in this State and county in which the goods are sold. Service of garnishment upon the corporation may be perfected by service upon the agent thus in charge of the business of the corporation. Civil Code (1910), §§ 5270, 2260. *Cathcart* v. *Cincinnati &c. R. Co.*, 108 *Ga.* 253, 255 (33 S. E. 875).

4. Service of garnishment upon a corporation doing business in this State may be perfected by service upon its agent in charge of its business in this State even though the agent is the defendant in the main suit. *Cathcart* v. *Cincinnati &c. R. Co.*, supra; *Davison-Paxon Co.* v. *Columbia Building & Loan Association*, 47 *Ga. App.* 426 (2) (171 S. E. 390).

622

5. The court did not err in overruling the motion in arrest of judgment, or in overruling and dismissing the affidavit of illegality.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., concurs in the judgment.*

DECIDED FEBRUARY 22, 1935.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error. *Paul E. Seabrook,* contra.