JOHN W. MASURY & SON *v.* LOWTHER.

1. PROCESS—SERVICE—AGENT.

Service of process on an agent, otherwise competent, whose relations to the plaintiff or to the claim are such as to make it to his interest to suppress the fact of service is insufficient.

2. GARNISHMENT—FOREIGN CORPORATION—SERVICE OF PROCESS ON PRINCIPAL DEFENDANT—JURISDICTION.

Service of process in garnishment proceedings upon principal defendant an agent of garnishee defendant, a foreign corporation with a retail store in this State in connection with which principal defendant was employed as an ''outside salesman,'' and which service was not disclosed to employer conferred no jurisdiction over garnishee defendant especially where there were other employees and agents thereof upon whom service could have been made (3 Comp. Laws 1929, § 14902).

3. SAME—FOREIGN CORPORATION—SERVICE OF PROCESS ON AGENT—CONFLICTING INTERESTS.

Statute relative to service of garnishment process upon agent of a foreign corporation within this State comtemplates service upon an agent whose personal interests do not conflict with his duty as an employee of such corporation (3 Comp. Laws 1929, § 14902).

4. PROCESS—SERVICE ON FIDUCIARY—JURISDICTION—STATUTES.

Service of process upon one who suppresses the fact of service and who occupies a fiduciary or representative relation to a person or subject matter to be affected by an action or proceeding as well as some personal interest in such proceeding, either as a party or otherwise, antagonistic to the interest of others represented by him, will confer no jurisdiction, even though a statute expressly provides for service on one in such relation.

5. JUDGMENT—SETTING ASIDE DEFAULT—COURT RULE.

Court rule requiring that application to set aside default, where proceedings have been taken after default on the strength thereof, within four months after such default is regularly filed or entered applies only when there is proper legal service of process (Court Rule No. 28, § 4 [1933]).

6. Garnishment—Default—Jurisdiction—Service of Process on Agent with Conflicting Interest.

> Garnishee defendant's motion to set aside default and default judgment against it was timely made where made four days after sheriff sought to levy execution under default judgment, entered nearly six months theretofore, where service of garnishment summons had been made upon principal defendant, an employee of garnishee defendant who suppressed the fact of service (Court Rule No. 28, § 4 [1933]).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted November 4, 1941. (Calendar No. 41,689.) Decided December 2, 1941. Rehearing denied February 11, 1942.

Garnishment proceedings by John W. Masury & Son, a New York corporation, against Russell A. Lowther, principal defendant, and Cook Paint & Varnish Company, a Delaware corporation, garnishee defendant. Garnishee defendant appeals from order denying its motion to set aside default judgment. Reversed.

*Maurice Schwartz*, for plaintiff.

*Leo W. Kuhn*, for garnishee defendant.

Starr, J.   Garnishee defendant appeals from order entered in the circuit court for Wayne county April 21, 1941, denying its motion to set aside default and default judgment.

Plaintiff is a New York corporation. Garnishee defendant is a Delaware corporation having a factory in Kansas City, Missouri, and branch factory and retail store in Detroit. Defendant Lowther was employed by garnishee defendant as "outside salesman" in connection with its retail store in Detroit.

On January 22, 1938, plaintiff obtained judgment for $1,710 and costs against defendant Lowther. On May 16, 1940, plaintiff caused writ of garnishment

to be issued against the garnishee defendant, requiring it to appear June 7, 1940, and make disclosure in writing as to its liability as garnishee of its employee, defendant Lowther. On May 29, 1940, such writ of garnishment was served on Lowther (principal defendant) as agent of garnishee defendant, a foreign corporation. Defendant did not deliver such garnishment writ to his employer, the garnishee defendant, nor inform it of service of the writ.

Affidavit of the default of garnishee defendant in failing to make disclosure and also affidavit of regularity of the proceedings, both signed and sworn to by plaintiff's attorney of record, were filed June 14, 1940. Default judgment was entered against garnishee defendant August 6, 1940, for $1,952, which sum included the amount of the original judgment against the principal defendant, together with interest. (3 Comp. Laws 1929, § 14902 [Stat. Ann. § 27.1900]). The record indicates the garnishee defendant had no knowledge of such default judgment until more than four months after the same was entered. From affidavit of counsel it appears that when the writ of garnishment was served May 29, 1940, garnishee defendant owed its employee, the principal defendant, only $87.50. Execution was issued on such judgment, and on February 27, 1941, the sheriff endeavored to levy such execution at garnishee defendant's retail store in Detroit.

On March 3, 1941, garnishee defendant filed motion to set aside its default and the default judgment against it, for the reason that "no service of process was ever had on the said garnishee defendant nor was its appearance entered." Such motion was based, in part, upon the following affidavit of its employee, defendant Lowther:

"Russell A. Lowther, being first duly sworn, deposes and says that he is the principal defendant in

the above captioned cause; that he was on May 29, 1940, and now is employed as an outside salesman by Cook Paint & Varnish Company, the above named garnishee defendant; that on May 29, 1940, he was not in charge of the office of the garnishee defendant, as set forth in the sheriff's return to the writ of garnishment, but that he just happened to be in the store at the time; that the said sheriff did not ask who was in charge but simply asked to see this deponent; that the writ of garnishment was then served upon this deponent, who was alone in a small office and who did not turn it over to the garnishee defendant or to any of its officers or agent, nor did he bring it to their knowledge; that as a result thereof, the garnishee defendant, having no knowledge of the service, failed to make a return to the writ of garnishment as to their indebtedness to this deponent.''

Such motion to set aside default and default judgment was denied April 21, 1941; no opinion was filed; and defendant appeals.

Section 14094, 3 Comp. Laws 1929 (Stat. Ann. § 27.761), provides, in part:

''In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this State, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section.''

The only questions presented on this appeal which require consideration are: (1) Did the court acquire jurisdiction over the garnishee defendant, a foreign corporation, where the writ of garnishment was served on the principal defendant, an employee and agent of the garnishee defendant, who did not deliver the writ to his employer nor inform it of such service; and (2) was the motion to set aside the default judgment timely made?

This precise question as to the validity of service of garnishee summons upon the principal defendant in his capacity as agent of the garnishee defendant, a foreign corporation, has never, so far as we can ascertain, been before this court. However, the rule properly applicable to such situation was enunciated in the case of *Atwood* v. *Sault Ste. Marie Light, Heat & Power Co.,* 148 Mich. 224 (118 Am. St. Rep. 576). In that case one Goltra was secretary and assistant treasurer of defendant company. He held an alleged claim against defendant arising out of a contract for personal services. He assigned such claim to plaintiff Atwood, who began suit, and service was made on Goltra as an officer of defendant. No appearance being filed, default judgment was entered. On appeal defendant contended that "service was invalid, for the reason that, the claim sued upon being one assigned by John N. Goltra, service upon him was unauthorized." In reversing the judgment Mr. Justice MONTGOMERY said, pp. 225, 226:

"John N. Goltra was an officer of the company upon whom service could be made under the statute. But it is established by authority—if authority for a rule so manifestly just were needed—that even though a person is within the terms of a statute, if his relation to the plaintiff or the claim in suit is such as to make it to his interest to suppress the fact of service, such service is unauthorized. *Buck* v. *Ashuelot Manfg. Co.,* 4 Allen (86 Mass.), 357; *St. Louis & Sandoval Coal & Mining Co.* v. *Edwards,* 103 Ill. 472. * * *

"It follows that Goltra had an interest in the claim in suit adverse to the defendant, and that service upon him was unauthorized. See *White House Mountain Gold Mining Co.* v. *Powell,* 30 Col. 397 (70 Pac. 679)."

See, also, *North British & Mercantile Insurance Co.* v. *Storms,* 6 Tex. Civ. App. 659 (24 S. W. 1122); *Walsh* v. *Commercial Vehicle Motors Co.,* 20 Ohio N. P. (N. S.) 159 (28 Ohio Dec. 603); *Tortat* v. *Hardin Min. & Manfg. Co.,* 111 Fed. 426; *Consolidated Iron & Steel Co.* v. *Maumee Iron & Steel Co.* (C. C. A.), 284 Fed. 550; *George* v. *American Ginning Co.,* 46 S. C. 1 (24 S. E. 41, 32 L. R. A. 764, 57 Am. St. Rep. 671).

The question under consideration was directly passed upon in *Personal Loan & Savings Bank* v. *Schuett (Appeal of Advance Cleaners & Dyers, Inc.),* 299 Ill. App. 421 (20 N. E. [2d] 329). In that case plaintiff obtained judgment against defendant Eleanor Schuett, an employee and agent of Advance Cleaners & Dyers, Inc. Garnishment summons against Advance Cleaners & Dyers, Inc., as garnishee, was served on defendant Schuett, as its agent. Defendant Schuett did not deliver the garnishment summons to her employer nor inform it of the service thereof. As a result the garnishee failed to appear or answer on the return day and default judgment was entered against it. The garnishee first learned of such default judgment more than four months after the same was entered. Garnishee's petition to vacate such judgment being denied, an appeal was taken. In reversing the judgment the court said, pp. 425, 428:

"The service of process on the garnishee corporation upon its agent Mrs. Schuett [defendant], was in compliance with the letter of the statute authorizing such service (chap. 110, par. 141, § 17, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.017]), but in violation of the spirit of same.   *   *   *

"Service of process against a corporation on an officer or agent whose relation to the claim in suit

is such as to make it to his or her interest to suppress the fact of service, is unauthorized, though the person served is within the terms of the statute authorizing the service. (*People, ex rel. Lafferty,* v. *Feicke,* 252 Ill. 414 (96 N. E. 1052); *Atwood* v. *Sault Ste. Marie Light, Heat & Power Co.,* 148 Mich. 224 [118 Am. St. Rep. 576].)     *   *   *
"It would be unconscionable to permit the judgment against the garnishee to stand, compelling it to pay the debt of another without first having been allowed its day in court."

See, also, *Upton Manfg. Co.* v. *Stewart Bros.,* 61 Iowa, 209 (16 N. W. 84).

"Service of process on an agent, otherwise competent, whose relations to the plaintiff or to the claim are such as to make it to his interest to suppress the fact of service is insufficient."    18 Fletcher, Cyclopedia Corporations (Perm. Ed.), pp. 455, 456, § 8738.

"Where service is made upon an officer or agent who, although within the terms of the statute, sustains such a relation to plaintiff or the claim in suit as to make it to his interest to suppress the fact of service, such service is unauthorized."    32 Cyc. p. 554.

We are not in accord with the reasoning or conclusion reached in the case of *Cathcart* v. *Cincinnati, Hamilton & Dayton R. Co.,* 108 Ga. 253 (33 S. E. 875), relied upon by plaintiff. In that case garnishment summons was served upon the principal defendant in his capacity as agent for the garnishee defendant, a foreign corporation. The validity of such service was questioned on the ground that "the same was unlawful, because Rathburn [principal defendant], the person served, was himself the defendant in the original judgment." The court said:

"In law this is a matter of no consequence. It was argued, however, that this point was well taken,

for the reason that it would be to Rathburn's interest to conceal from his principal the fact that a garnishment had been served upon him as its agent, and thus, by allowing judgment against the company to be entered by default, to put upon it the burden of satisfying his indebtedness. There is no force in this position, for in no event could Rathburn, by pursuing such a course, relieve himself of that indebtedness. If the company paid off the judgment against him, he would then become liable to the company in the same amount, and be in no better situation than he was before. Again, we are inclined to believe that the agent of a railway company served as such with a summons of garnishment directed to the company would be diligent in informing his principal of the fact, in order that it might, if not really indebted to him, make the proper answer and be discharged. Good faith in this respect would naturally be expected of the agent, and, moreover, it is far from likely that the corporation would retain in its service an employee who was remiss in his duty in a matter of this kind. So there is no good reason for supposing that such an agent as Rathburn would, merely because of his being the plaintiff's debtor, fail to inform his principal, the railway company, of the service upon him of the summons of garnishment."

See, also, like decision in *Jewell Tea Co.* v. *Pattillo,* 50 Ga. App. 620 (178 S. E. 925).

In the present case defendant Lowther stood in three capacities: (1) as defendant with judgment against him; (2) as agent of garnishee defendant, a foreign corporation; and (3) as an employee of garnishee defendant and in danger of losing his salary through the garnishment proceedings. Service of the garnishment writ upon defendant Lowther in his capacity as agent of the garnishee defendant may have complied with the terms, but not with the spirit, of the statute. Such statute contemplated

service upon an agent of a foreign corporation whose personal interests did not conflict with his duty as an employee of such corporation.

Why did defendant Lowther suppress the fact of service of the garnishment writ? Counsel for garnishee defendant states in his affidavit that about January 15, 1941 (more than four months after default judgment was entered), defendant Lowther informed him that plaintiff was "trying to collect a judgment from him [Lowther], which he claimed was barred by bankruptcy proceedings." Lowther's expressed belief that plaintiff's judgment was barred by bankruptcy may account for his failure to disclose service of the garnishment writ to his employer. He undoubtedly was aware that, if he disclosed service of the writ to his employer, it would withhold payment of his salary. At least, for some reason, best known to himself, Lowther apparently believed that it was to his best interest to suppress the fact of service of the writ. His failure to deliver the writ or disclose its service evidences his interest in suppressing the fact of service.

We find no satisfactory explanation as to why the garnishment writ was served on defendant Lowther, for the record shows there were other employees and agents of the garnishee defendant in Detroit upon whom the writ could have been served. In his affidavit in opposition to motion to set aside the default judgment, plaintiff's counsel states:

"On the issuance of the writ of garnishment herein I went out to the factory branch of the garnishee Cook Paint & Varnish Company on Bourke avenue, Detroit, Michigan, to make or arrange for the service of said writ. I asked of a young lady who received me upon whom I could make such service. She stated a Mr. Eichelberger whom she called for."

Eichelberger was manager of garnishee defendant's branch factory in Detroit. Plaintiff's counsel also talked with a Mr. Wyatt, manager of garnishee defendant's branch store in Detroit. Defendant Lowther stated in his affidavit regarding service of the garnishment writ by the sheriff that "the said sheriff did not ask who was in charge but simply asked to see this deponent; that the writ of garnishment was then served upon this deponent."

The general rule as established by the great weight of authority was expressed in *People, ex rel. Lafferty,* v. *Feicke, supra,* p. 420, as follows:

"The rule to be deduced from these cases is, that where one occupies a fiduciary or representative relation to a person or subject matter to be affected by an action or proceeding, and such person has some personal interest in such proceeding, either as a party or otherwise, antagonistic to the interest of others represented by him, service of jurisdictional process on such representative will confer no jurisdiction, even though the statute expressly provides for service on one in such relation."

To hold, in the present case, that the service of garnishment writ upon defendant Lowther in his capacity as agent of the garnishee defendant, a foreign corporation, was valid jurisdictional service, would establish a precedent, opening wide the door for the perpetration of fraud and maladministration of justice.

For reasons above stated we conclude that service of the writ of garnishment upon defendant Lowther as agent of the garnishee defendant was unauthorized and conferred no jurisdiction over the garnishee defendant. The default judgment based upon such unauthorized service is, therefore, void.

Plaintiff contends the motion by garnishee defendant to set aside the default and default judg-

ment was not timely made under Court Rule No. 28, § 4 (1933), providing, in part, as follows:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within four months after such default is regularly filed or entered."

The above rule applies only when there is proper legal service of process. In the case at hand we have concluded that the service of the writ of garnishment was unauthorized and conferred no jurisdiction. Therefore, the four-month limitation imposed by the above rule does not apply. The motion by garnishee defendant to set aside the default and default judgment was timely made. *McHenry* v. *Village of Grosse Pointe Farms*, 265 Mich. 581; *Foster* v. *Talbot*, 257 Mich. 489; *Stanczuk* v. *Pfent*, 231 Mich. 689; *Whirl* v. *Reiner*, 229 Mich. 114; *McCain* v. *Wayne Circuit Judge*, 187 Mich. 73.

In view of the conclusions we have reached, other questions presented do not require consideration.

The order entered April 21, 1941, denying garnishee defendant's motion is reversed, and the default and default judgment are set aside, with costs to garnishee defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.