34685. Charles S. Martin Distributing Company *v.* Southern Furnace Company.

Carlisle, J. On March 27, 1952, Charles S. Martin Distributing Company, through its attorney at law, filed its affidavit and bond for garnishment in the Civil Court of Fulton County, based upon a judgment entered in its favor in the Superior Court of Gwinnett County against E. W. Huff, trading as Bob's Radio & Appliance Company. On March 31, 1952, a deputy marshal of the Civil Court of Fulton County made the following entry of service upon the affidavit: "I have this day served summons of garnishment issued upon within affidavit and bond on Southern Furnace Co., Inc., by serving the same on Mrs. Jones its Sec. and personally in charge of the office and place of business at the time of service of said garnishee in City of Atlanta, said county at 11:30 o'clock a.m." On September 18, 1952, one of the Judges of the Civil Court of Fulton County, the Chief Judge, entered the following judg-

ment in the garnishment proceedings for the full amount of the judgment in the main case, together with interest and attorney's fees: "It appearing to the court that the plaintiff has heretofore obtained judgment against the defendant in the main case, the one on which this proceeding is based, and it further appearing that the garnishee herein was duly served with summons of garnishment, and has failed to make answer as required by law, upon motion of plaintiff's attorney, judgment is hereby rendered in favor of the plaintiff and against Sou. Furnace Co., Inc., the garnishee herein." On April 3, 1953, Southern Furnace Company, through its successor, Hunter Plumbing & Heating Company, filed its motion in the Civil Court of Fulton County to set the judgment in the garnishment proceedings aside upon the ground that .Southern Furnace Company had never been served with the summons of garnishment, and upon the further ground that the Civil Court of Fulton County does not have jurisdiction to enter judgment in a garnishment proceeding based upon a judgment rendered in the Superior Court of Gwinnett County. The motion was served upon counsel for the plaintiff and a rule nisi was issued by the court. On April 10, 1953, the court entered the following judgment: "The foregoing motion to vacate and set aside judgment in the above-stated case is hereby sustained and said judgment is hereby vacated." The plaintiff in the bill of exceptions before us assigns error solely upon that judgment.

1. A motion to set aside a judgment must be predicated upon some defect apparent upon the face of the record (*Sweat* v. *Latimer,* 119 *Ga.* 615, 46 S. E. 835), and it is error to set aside a judgment upon such a motion on the ground that the movant had never been served, when it affirmatively appears upon the face of the record that the movant had been served. *Drake* v. *Brown Manufacturing Co.,* 121 *Ga.* 550 (49 S. E. 590); and see also *Davison-Paxon Co.* v. *Columbia Building &c. Assn.,* 47 *Ga. App.* 426 (170 S. E. 703); *Jewel Tea Co.* v. *Pattillo,* 50 *Ga. App.* 620 (178 S. E. 925); *Hayes* v. *American Bankers Ins. Co.,* 46 *Ga. App.* 552 (167 S. E. 731).

2. By virtue of the constitutional amendment of 1912 (Code, Ann., § 2-4201), the General Assembly was empowered to establish in certain counties courts in lieu of justice courts and to confer upon such courts the jurisdiction as to subject matter then exercised by justice courts, together with such additional jurisdiction, either as to amount or subject matter, as might be provided by law, whereof some other court did not have exclusive jurisdiction under the Constitution. By the terms of section 26 of the enabling act of 1913 (Ga. L. 1913, pp. 145, 158), establishing what is now the Civil Court of Fulton County, it was provided that that court should have jurisdiction "as to subject matter which, at the time of the adoption of said constitutional amendment was exercised by justices courts and justices of the peace under the Constitution and laws of this State, and, in addition, shall have jurisdiction *to try and dispose of all civil cases of whatever nature,* except injuries to the person or the reputation, *concurrent with the superior courts,* including not only such suits as are begun by petition and process or summons, but also all other kinds of suits or proceedings

which now or hereafter may be in use in the superior courts of this State, or the justices courts, *either under the common law or by statute,* including among others *attachment and garnishment proceedings* . . and of which jurisdiction is not vested exclusively in other courts." By the terms of section 27 of the same act (Ga. L. 1913, pp. 145, 159), it is provided that "garnishment proceedings in said court [Civil Court of Fulton County] shall be conformable to the laws of the State on that subject in the superior courts, and *all laws upon the subject of attachments and garnishments as to any matter whatever in the superior courts of this State shall apply to said* . . *[Civil Court of Fulton County], as if named with the superior courts,* so far as the nature of the court hereby created will admit, except as it may be otherwise provided in this act." From these provisions of the act it is clear that the Civil Court of Fulton County is just as much empowered to issue summons of garnishment, based upon judgments secured in the superior courts of the several counties of the State, against garnishees living and residing in Fulton County, and to enter judgment against such garnishees, as if the court had been specifically named in Code § 46-603. The decision in *Durden* v. *Belt,* 61 *Ga.* 545, was rendered prior to the constitutional amendment of 1913 and the enabling act of that year, and is in no wise controlling insofar as the Civil Court of Fulton County is now concerned. The decision in *Holloway* v. *George F. Doyal, Inc.,* 87 *Ga. App.* 50 (72 S. E. 2d 925), is properly governed by the fact that, under the provisions of Code § 46-105, where the main suit and the garnishment suit concern residents of the same county, the garnishment proceeding must be returned to that court in the county in which the main suit is pending or where judgment in the main suit has been obtained. The Civil Court of Fulton County had jurisdiction to issue the summons of garnishment and enter the judgment thereon notwithstanding the main suit had been pursued and judgment obtained in the Superior Court of Gwinnett County.

It follows, therefore, that the trial court erred in sustaining the motion to set aside and vacate its judgment of garnishment based upon the judgment obtained in the Superior Court of Gwinnett County.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 9, 1953.

*Charles L. Henry,* for plaintiff in error.
*Robt. M. Eskew,* contra.