## GRAHAM *et al. vs.* HALL.

1. A bill which seeks to cancel a sheriff's deed to property of the complainant and remove a cloud on his title on the ground that the judgment under which the sale was made was rendered by a court which had no jurisdiction, is not without equity.

2. While the county surveyor's duty includes the making of any survey in which the county is interested, when required so to do by the ordinary, yet commissioners appointed by the ordinary to lay out new militia districts or change the lines of those already in existence are not limited to the employment of the county surveyor to assist them in so doing.

3. One question in a case being whether the residence of a person sued in a justice court was in the district where suit was brought, or whether it had been transferred to another district by a change of lines, it was competent to show by witnesses who knew the old and new lines how the residence of the defendant had been affected by the change. The lines of the militia districts were matters of record, but the location of the defendant's house in respect thereto could only be proved by parol.

4. A judgment founded on a suit in a justice's court which had no jurisdiction of the person of the defendant is void, unless the defendant waived jurisdiction or appeared and pleaded to the merits.

5. The verdict is supported by the evidence.

Title. Courts. Jurisdiction. Judgments. Evidence. Before Judge SIMMONS. Appling Superior Court. October Term, 1881.

To the facts reported in the decision it is only necessary to add the following: The object of this bill was to set aside a sheriff's sale under a justice court *fi. fa.* issued on a judgment rendered in the 457th district, G. M., while complainant alleged he was a resident of the 443d district, the bill sought to enjoin plaintiff in *fi. fa.* from proceeding further with it, and that he had never waived the jurisdiction, and therefore the *fi. fa* was a nullity. Complainant contended that sheriff's deed was a cloud upon his title, and should be set aside. Defendant moved to dismiss the bill for want of equity. The motion was overruled and the case went to trial. It is unnecessary to set out the evidence further than to state that complainant introduced testimony tending to show that prior to the suit the lines of the district had been so altered as to change his residence from the 457th district to the 443d.

The jury found for complainant. Defendants moved for a new trial on the following grounds:

(1.) Because the court refused to dismiss upon *ore tenus* demurrer of the respondent to the equity of the bill.

(2.) Because the court refused to charge the following written request of respondent: "That in changes of lines of militia districts the county surveyor is required to make the survey, and that no other surveyor is authorized under the law to make the survey of the lines unless no county surveyor is appointed, that is elected and qualified, and that if the jury should find from the evidence that any other surveyor than the county surveyor made the survey, unless some reason why the county surveyor did not make the survey be shown, the survey would be void, and no change could be made. That every presumption is in favor of jurisdiction, and that in order for the complainants to attack successfully the judgment he must not only show that he was not a resident of the 457th district when the suit was commenced, but he must also show that he did not appear and plead to the suit.

That the changes of the lines of a militia district must be shown by the record in the ordinary's office, and that record must show the appointment of commissioners to change the line, and that those commissioners acted upon the appointment of the ordinary, otherwise the proceedings are void. The acts of a court of ordinary in matters of this kind are the acts of a court of limited jurisdiction, and every fact necessary to give the court jurisdiction must appear upon the record, otherwise the proceedings are void."

(3.) Because the verdict is contrary to law and evidence.

(4.) Because the court erred in allowing the witnesses (Branch and Mobley) to testify as to the change of the district line, over the objection of respondents that if such change was made it was done by the court of ordinary, and that the records of that court would be higher and better evidence.

(5.) Because the court erred in charging the jury that in order for a justice of the peace of a militia district to have jurisdiction in a case it is necessary for the defendant to reside in the district in which suit was brought, and that if the jury should find from the evidence that the complainant did not reside in the district in which suit was brought, on which *fi. fa.* issued under which the land was sold, that the court had no jurisdiction, and the sale made under the *fi. fa.* was void, and respondents got no valid title; and in order to avoid this and show that the court had jurisdiction, respondents must show that Morris Hall appeared and pleaded to the case.

(6.) Because the court erred in allowing the witness (Carter) to swear as to tendering affidavit of illegality to the sheriff without showing the affidavit itself, in order that the court might judge of its sufficiency, and because there was no evidence of the loss or destruction of the same, if it existed.

(7.) Because the court erred in allowing parol evidence of the proceedings of the court of ordinary as to change

of the district line. (The record of the court of ordinary showing the change of line was introduced. Witnesses were also allowed to state that the lines were so changed as to exclude the residence of complainant from the 457th and include it in the 443d district.)

The motion was overruled, and defendants excepted.

HARRIS & KAY; R. T. WILLIAMS; HARRISON & PEEPLES, for plaintiffs in error.

J. J. CARTER; ROBERTS & DELACY, for defendant.

SPEER, Justice.

Morris Hall filed his bill alleging that a certain tract of land therein described was his property, that the same was sold by the sheriff of Scriven county, at public sale, and purchased by Graham, the plaintiff in error. Sale was made under a justice court *fi. fa.* in favor of respondent, Crumming, against complainant. That the court rendering the judgment had no jurisdiction, for that when the suit was brought and judgment rendered complainant was not a resident of the 457th district, in which said suit was brought, but was a resident of the 443d district. Complainant did not appear and plead, and in no manner waived the jurisdiction or consented thereto. He, therefore, prays cancellation of the deed executed by the sheriff to Graham. On the trial respondents moved to dismiss the bill for want of equity, which was overruled. Under the evidence and charge, a verdict was rendered for the complainant. Respondents made a motion for a new trial, which was refused, and respondents excepted.

1. The first ground of error was the refusal of the court to dismiss the bill on demurrer. The demurrer admits the allegations in the bill to be true, and this being so, the bill is not without equity. It is filed for the purpose of removing a cloud upon the title of complainant to the land in controversy. He alleges the judgment and

*fi. fa.* thereon were rendered by a court that had no juris-diction, and were, therefore, void.    If so, the sale and pur-chase were void, and a court of equity will aid complain-ant in having the sheriff's title executed to Graham set aside and cancelled.    Code, §3232.    The judgment of a court having no jurisdiction is void and may be attacked in any court where it becomes material to the interest of the parties to consider it.    Code, §3594 ; 34 *Ga.*, 253, 178 ; 11 *Ib.*, 453.

2. We do not think the refusal of the court to give in charge the whole written request contained in the second ground of the motion was error.    Under the law, com-missioners appointed by the ordinaries to lay out new mili-tia districts, or change the lines of those existing, " have authority to engage the services of a competent surveyor to assist them in their duties."    They are not limited to the county surveyor.    Code, §485.    Section 574, defining the duties of the county surveyor, makes it one of his duties " to survey county lines and district lines, or other surveys in which his county may be interested whenever required by the ordinary," but this does not, in our opinion, repeal section 485, that expressly authorizes the commissioners " to engage the services of a competent surveyor."

While portions of this written request might have been proper, yet, as the whole request was sought to be given in charge, and the whole was not a legal charge, the refu-sal to give the whole written request was not error.

3. Neither was it error in the court to allow the wit-nesses, Branch and Mobley, to testify as to the change of the lines of the district, by which the residence of the complainant was changed from 457th district to the 443d district.    The record in the court of ordinary could not have established the place where the complainant resided, or shown in which district he lived.    While the lines of the district were a matter of record, yet the residence of the defendant was not, and we think it was competent to show by witnesses who knew, the original and changed

lines, how the residence of the defendant was affected by the change thus made, and, therefore, to show in what district the residence of complainant was left after the change was made.

4. The court did not err in instructing the jury, as complained of in the fifth ground, that if the evidence showed that the complainant did not reside in the district in which suit was brought, on which the *fi. fa.* issued and under which the land was sold, that the court had no jurisdiction, and the sale made under it was void, and respondent got no title ; and in order to avoid this and to show the court had no jurisdiction, it must appear that complainant had appeared and pleaded to said suit.

5. We find no error in the sixth and seventh grounds of the motion, as therein complained of. There was, in our opinion, sufficient evidence to sustain the verdict, and it being approved by the court below, we do not feel warranted in disturbing it.

Judgment affirmed.