### GIDDENS *v.* ALEXANDER *et al.*

BECK, J.  1. Where, by an order of the superior court, it was provided that if a named person should become the purchaser of designated property at a sale by a receiver, he should be allowed, instead of paying the purchase-price into the hands of the receiver, to give bond "for the forthcoming of the money to meet the order of the court," and he became at such sale the actual purchaser, giving bond as provided, with sureties therein named, and subsequently the court rendered judgment against him for a part of the purchase-money, the judgment could not be amended at a subsequent term of the court so as to include the sureties, no suit or other proceeding having been brought for the breach of the bond.

2. Where an execution based upon such amended judgment was levied upon certain lands as the property of one of the sureties, and he placed in the hands of the levying officer (the deputy sheriff of the county) an affidavit of illegality setting forth the above-stated facts, but the sheriff proceeded, nevertheless, to advertise and sell, at sheriff's sale, the property so levied on, and made a sheriff's deed conveying it to the purchaser at said sale, the same was illegal.

3. Such a deed, upon equitable petition duly brought, will be cancelled as a cloud upon the title of the owner of the land.  *Graham* v. *Hall,* 68 *Ga.* 354; *Wynne* v. *Lumpkin,* 35 *Ga.* 208.

4. The equitable petition was properly brought against the sheriff, the purchaser at the sheriff's sale, and a grantee or lessee of the latter; and the court erred in sustaining a general demurrer to it.

5. No judgment being sought as against one of the defendants (J. A. Alexander), he was improperly joined as a party defendant, and his demurrer based upon that ground should have been sustained, and he should have been dismissed from the case.

6. The only error assigned in the bill of exceptions being upon the ruling of the court sustaining defendants' demurrer and dismissing the case, and all of the record material to a clear understanding of the error complained of being duly specified, the writ of error will not be dismissed merely because the plaintiff in error also specified as material "the brief of the evidence and the ruling of the court as contained therein," when in fact there was no brief of evidence.

*Judgment reversed.  All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided February 26, 1907.

Equitable petition.  Before Judge Mitchell.  Berrien superior court.  September term, 1905.

*Hendricks, Smith & Christian,* for plaintiff.

*Buie & Knight* and *W. H. Griffin,* for defendants.