WINECOFF *v.* WEEDON *et al.*

HILL, J. 1. A traverse to the entry of service of a petition and process by the sheriff may be made by the defendant at the first term of court after notice of such entry has been had by him, and before pleading to the merits of the case. Civil Code, § 5566.

2. Where suit is brought against certain persons by a creditor to recover the unpaid stock subscriptions of such persons in a corporation which has never been dissolved, and the corporation is also sued in the same action as a necessary or proper party to the cause, an entry of service made by the sheriff, regular on its face and showing service on the corporation by serving a person named as its president, in the absence of timely traverse, is to be treated as conclusive of such service on such corporation, and the corporation is to be treated as a party to the cause.

(a) Under such an entry, and in the absence of any traverse, the corporation, relatively to a codefendant, is to be deemed a party notwithstanding such codefendant, who was also served as the president, testified . on the hearing of the cause that he had, before the commencement of the suit, sold his stock and tendered his resignation as president.

3. A number of exceptions of law and fact were filed to the auditor's report in this case. We have carefully reviewed the evidence and the questions of law raised by the exceptions, and hold that in view of the whole record the court did not err in overruling the exceptions of fact and of law, nor in entering the decree to which exception is taken.

*Judgment affirmed. All the Justices concur.*
AUGUST 18, 1914. REHEARING DENIED OCTOBER 3, 1914.

Exceptions to auditor's report. Before Judge Pendleton. Fulton superior court. June 27, 1913.

*Wimbish & Ellis, Watkins & Latimer,* and *Young B. Smith,* for plaintiff in error.

*Moore & Branch, Leon C. Greer,* and *John S. Gleaton,* contra.