12349.  STALVEY *v.* STATENVILLE RAILWAY COMPANY.

LUKE, J.  " The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross negligence or undue bias." Civil Code (1910), § 4399.

(*a*) In this case, this court cannot say that the verdict in behalf of the plaintiff, which has the approval of the trial judge, is so small that this court is authorized to interfere with it and set it aside upon the ground that the verdict itself shows undue bias.

2. The charge of the court fully stated the contentions of the parties, and was full and fair upon the legal questions presented by the pleadings and the evidence, and is not subject to the criticisms urged to certain excerpts from the charge and the failure of the judge to charge. It was not error, for any reason assigned, to overrule the motion for a new trial.

   *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

                    DECIDED JUNE 14, 1921.

Action for damages; from Echols superior court — Judge Thomas.  January 28, 1921.

*J. B. Hicks, Wilson & Bennett,* for plaintiff.

*E. K. Wilcox,* for defendant.

---

12351.  STARNES *v.* THE STATE.

LUKE, J.  1. The Supreme Court has repeatedly held that grounds of a motion for a new trial which are incomplete and cannot be understood without resorting to an examination of the brief of evidence fail to present any question for decision.  Following this ruling, as this court is bound to do, it must be held that the plaintiff in error presents no special grounds of motion for new trial which can be considered by this court.  See *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668), and cases cited.

2. The assignment of error that the verdict is not authorized by the evidence is without merit, since there is some evidence which authorized the conviction of the defendant.  The verdict of guilty has the approval of the trial judge.  It was not error to overrule the motion for a new trial.

   *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

                    DECIDED JUNE 14, 1921.

Accusation of carrying intoxicating liquor; from city court of Richmond county — Judge Black.  March 7, 1921.

*John J. Foster,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.