*C. C. Crockett,* contra.

---

### 17051. ANDERSON, trustee, *v.* TURNER.

"The constitution of this State declares that all civil cases, with certain exceptions, 'shall be tried in the county where the defendant resides.' Civil Code (1910), § 6543. A judgment founded upon a suit in a court which had no jurisdiction of the person of the defendant is void, unless the defendant waived jurisdiction or appeared and pleaded to the merits." *McKnight* v. *Wilson*, 158 *Ga.* 153, 161 (122 S. E. 702). "In

---

Judgments, 33 C. J. p. 1074, n. 43; p. 1079, n. 94; p. 1095, n. 89; 34 C. J. p. 270, n. 63; p. 423, n. 28; p. 447, n. 73.

Venue, 40 Cyc. p. 96, n. 79.

such case the defendant can resort to a motion to set aside the judg-ment, or to a court of equity to have the judgment cancelled. *Swinney v. Watkins,* 22 *Ga.* 570; *Jordan* v. *Callaway,* 138 *Ga.* 209 (75 S. E. 101)." *McKnight* v. *Wilson,* supra. Accordingly, the court did not err in overruling the plaintiff's demurrer to the defendant's motion to set aside the verdict and judgment in the instant case. The suit was per-sonal, and not in rem. See Civil Code (1910), § 6543; *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409).

DECIDED MAY 14, 1926.

Motion to set aside judgment; from city court of Atlanta—Judge Reid. November 28, 1925.

C. N. Anderson, as trustee for the McFarland Tourist Agency, filed suit in the city court of Atlanta, against J. L. Turner, and process was served on the defendant personally. A default ver-dict and judgment were rendered against him at the July term. On November 14, 1925, during the November term, the defendant filed a motion in that court to set aside the judgment, which mo-tion as amended alleged that the judgment was void because at the time of the filing of the suit the court had no jurisdiction of his person, that he was at that time a resident of DeKalb county, Georgia, and that the superior court of the latter county and the city court of Decatur had jurisdiction over him; that he did not appear in the case either in person or by counsel, that he did not waive jurisdiction, and did not authorize any one to do so for him; that no evidence was submitted to the jury in the case, and the verdict and the judgment were taken by default. The motion prayed that a rule nisi, with a copy of the motion attached, be issued and served on the plaintiff. After such service and at the hearing of the motion the court overruled the plaintiff's demurrer to the motion; and he excepted.

*C. N. Anderson, H. M. Morris,* for plaintiff.

*Paul L. Lindsay,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) While it is true that a court of general jurisdiction is assumed, either ex-pressly or impliedly, to adjudicate the question of jurisdiction of the subject-matter, whenever it takes jurisdiction and renders judgment (*Milner* v. *Neel,* 114 *Ga.* 118, 121, 39 S. E. 890), and while it is also true that unless it plainly and palpably appears that the court was without such jurisdiction the judgment would not be void, since such an adjudication eliminates any question of such doubt, even though the judgment be in fact erroneous for

lack of legal jurisdiction of the subject-matter (*Bush* v. *Bank of Thomasville,* 111 *Ga.* 664, 665, 36 S. E. 900), still this principle does not have application where the court is without jurisdiction of the person of the defendant so as to enable it to determine any question at all; and this is the case where the nonresident defendant has neither expressly waived jurisdiction of his person, nor impliedly done so by pleading to the merits of the cause, or upon an issue raised upon such specific question there has been an adjudication against him. Under the general rule fixed by the constitution, a defendant is entitled to defend a suit in the county of his residence, and he can not, against his will, be required, even by personal service, to come into a court of another county and contest an untrue allegation as to his residence. The judgment being absolutely void, for actual lack of jurisdiction of the court rendering it, it can be set aside in the court rendering it, either in equity or at law, by the party against whom it was rendered. *Dixon* v. *Baxter,* 106 *Ga.* 180 (32 S. E. 24). The line of cases cited by the plaintiff in error (*Ga. Ry. & El. Co.* v. *Hamer,* 1 *Ga. App.* 673, 58 S. E. 54; *Gillespie* v. *Farkas,* 19 *Ga. App.* 158, 91 S. E. 244), to the effect that what is termed a motion to set aside, with a prayer for rule nisi, based on matters extraneous to the record and made at a term subsequent to the one at which the judgment was rendered, partakes of the nature of a motion for a new trial and is subject to the rules governing the same, are inapplicable to a proceeding to set aside a void judgment. In the latter proceeding the defendant, not having been in court, is not seeking, as a litigant in the previous trial, a new hearing, but moves for an adjudication to the effect that there has been no trial; and in such case the rules of diligence are not the same. *Pryor* v. *American Trust & Banking Co.,* 15 *Ga. App.* 822 (84 S. E. 312). Proper venue being a fundamental prerequisite to the jurisdiction of the person of a defendant, and jurisdiction of the person being necessary to the maintenance of any suit, and not a mere privilege or exemption which a defendant is permitted to invoke, the case especially relied on in the excellent brief of plaintiff in error (*King* v. *Phillips,* 70 *Ga.* 409) is not controlling. In that case the defendant, being a nonresident of this State, was suable in any county of this State where he could be legally served. The mandate of the constitution was thus complied with

by bringing the suit in the proper venue; and if the defendant wished to avail himself of any special exemption from being brought into court, to which under the peculiar circumstances he might at that particular time have been entitled, it was his duty to plead and prove such facts prior to the rendition of the judgment.      *Judgment affirmed. Stephens and Bell, JJ., concur.*