18417. EVANS *v.* CENTRAL OF GEORGIA RAILWAY CO.

DECIDED APRIL 14, 1928.

*R. D. Feagin,* for plaintiff.

*Harris, Harris & Popper,* for defendant.

BELL, J. This was an action for damages against the Central of Georgia Railway Company for personal injuries sustained by the plaintiff while employed by the defendant as a night watchman and ice parceller in its shops in the city of Macon. When the case was here upon a former occasion the judgment of the lower court sustaining a general demurrer to the petition was reversed and the case remanded for trial. The substance of the petition is stated in connection with our former decision and will not be repeated here. See *Evans* v. *Central of Ga. Ry. Co.,* 36 *Ga. App.* 58 (135 S. E. 760). In parcelling and distributing ice, the plaintiff worked at a platform or shelf about thirty-five inches from the ground. On the occasion in question he was leaning against it when a piece.of ice which he had broken from a larger piece tumbled toward him and struck and injured his male organ. The jury returned a verdict in his favor for twelve cents. He made a motion for a new trial, which the court overruled, and he excepted. The first special ground of the motion for new trial complains that the verdict is so small and trivial as to demand the inference of gross mistake or undue bias against him on the part of the jury. He alleges that the evidence would have authorized a finding in favor

of either party, but that since the verdict can not be construed as a finding in favor of the defendant, it necessarily adjudicates that the defendant was negligent and that the plaintiff was entitled to recover substantial damages. Assuming that the plaintiff succeeded in proving his case as laid, to the extent of showing that the defendant was negligent and that he himself was relieved from assumption of risk, and, further, that he was not guilty of such contributory negligence as would absolutely bar a recovery, there was in the evidence abundant reason for an inference that his own negligence, if not equal to that of the defendant, was less by the narrowest margin. Furthermore, while, according to his testimony, his injury was both great and painful, as well as permanent, there was other evidence from which the jury, irrespective of any question of negligence, could have minimized his claim most materially. Considering this evidence, they would not have been bound to find any very great sum as damages, even if the plaintiff had been entirely faultless in the transaction. The damages claimed were only for the physical injury to his person and the incident pain and suffering, and there was no measure by which to determine the same except the enlightened consciences of impartial jurors. *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (2) (49 S. E. 818). But the jury were authorized to find not only that the plaintiff's negligence was almost, if not quite, the sole cause of ,his injury, and that his injury was not as serious as claimed, but also that he failed to exercise the proper care to obtain a cure, as it was his duty to do .for the purpose of lessening the damages. Civil Code (1910), § 4398. So, irrespective of the comparative-negligence rule, the verdict in the plaintiff's favor need not have been large. *Sewell* v. *Atkinson,* 14 *Ga. App.* 386 (2) (80 S. E. 862) ; *Williams* v. *Hines,* 26 *Ga. App.* 381 (2) (107 S. E. 265) ; *Stalvey* v. *Statenville Ry. Co.,* 27 *Ga. App.* 174 (107 S. E. 780).

There being in. the evidence a basis for legitimate reasoning by them, the jury were equally unrestrained in comparing the negligence of the respective parties. If the plaintiff's injury was caused by the concurrent negligence of himself and the defendant, and his own negligence did not amount to a total lack of ordinary care and was in some degree less than the negligence of the defendant, the damages which might otherwise have been recoverd should have been reduced according to the default attributable to him. But

can it be said, in any such case, that where substantial damages ought otherwise to be awarded, the jury might properly reason so minutely as to reduce the verdict as here to the insignificant sum of twelve cents? We think so. In *Vickers* v. *Atlanta & W. Point R. Co.,* 64 *Ga.* 306, Judge Bleckley, in speaking against a nonsuit in a case of negligence, said: "Where there is any doubt another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence, and to feel every shock and tremor of its probative force." The well-settled rule, that the plaintiff can not recover where his own negligence is equal to or exceeds that of the defendant, necessarily implies both the capacity and the authority of the jury to exercise the utmost precision in ascertaining the degree of fault attributable respectively to each party. They may weigh the evidence with the scales of the apothecary or examine it with the microscope of the scientist. Or, to again change the figure, they are supposed by their verdict to point as unerringly to the truth as the needle to the pole.

It is true, this theory may be founded upon a legal fiction, but fictions, constructed for the purpose of supplying standards, are not unknown to the law. Ours being a system of trial by jury, some definite standard is needed for the purpose of determining the boundary between the province of the jury and that of the court, and a certain and well-defined criterion based even upon a fiction is better than none at all. It being the law that the jury shall con·sider and compare the negligence of the parties in a case like the present, by what right may the courts set aside a verdict merely because, to sustain it, we must assume that the jury had reasoned with extreme nicety and fineness? It is safer to leave the matter of comparing the negligence of the parties as a disputed issue of fact absolutely and entirely to the jury, rather than to seek for some intermediate point at which the jurors must step aside and surrender the case to the judges. It would be inconsistent to say that this was a case for a jury and then not to let them try it.

In *Flanders* v. *Meath,* 27 *Ga.* 358, the defendant had excepted to the judgment of the trial court granting a new trial "on account of the smallness of the damages," the injuries being serious and the verdict being for only $50. The Supreme Court, in discussing the propriety of the small amount awarded, said: "It is

said that the verdict in this case can not be justified on legal principles, and so the presiding judge seemed to think; that if the jury found for the plaintiff, they were bound to find a larger sum. Is this so? There was a principle referred to in the case of the Wynn girl against the Macon and Western Railroad Co., decided at the July term, 1858, of this court, at this place, which we hold to be sound law—although we did not think it applied to the facts of that case; where both parties are in fault, but the defendant most so, the fault of the plaintiff may go in mitigation of damages. Suppose the jury in this case came to the conclusion that both parties were in fault, but the defendant *slightly* more so, so as to give the plaintiff a cause of action; in such case but small damages would be awarded. This obvious rule seems to have been overlooked by Lord Campbell, in a recent trial in England, if the newspaper report of it be reliable, who, because a jury returned a verdict of one farthing damages and adhered to it, reminded them of the ancient privilege of the court to keep them confined till the end of the term, and then cart them to the boundary line of the county and have them tumbled into a ditch." So we think in this case, in view of all the evidence, the verdict should not be set aside by this court on the ground of inadequacy. Counsel for the plaintiff in error cites and relies upon the case of *Anglin* v. *City of Columbus,* 128 *Ga.* 469 (57 S. E. 780), in which it was held that a verdict in favor of the plaintiff for $100 was so small as to necessitate a new trial. But in that case, as expressly pointed out by the Supreme Court, there was no evidence upon which the jury could have found that the plaintiff was guilty of contributory negligence.

We have carefully examined every ground of the motion for a new trial and are of the opinion that each of them is without merit. The complaint that the court erred in excluding evidence tending to show that since the injury the defendant had remedied the defect in the place of work is controlled adversely to the plaintiff by the decision of the Supreme Court in *Ga. So. & Fla. Ry. Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S. E. 405, 59 L. R. A. 118). None of the excerpts from the court's charge contain reversible error when the charge is considered in its entirety. The court refused to give certain requested instructions. So far as these were correct and applicable, the principles stated therein were sufficiently covered by the charge given.

As indicated at the outset, we have merely assumed that the evidence would have authorized the inference that the plaintiff was relieved from the assumption of risk, and also that under the evidence the plaintiff's injury should not have been attributed, as a matter of law, to his own negligence. It is questionable, however, whether, under the evidence, the plaintiff did not fail altogether to prove the case as laid in his petition and as considered by this court on the former hearing, especially as to his nonassumption of risk. Of course, if as a matter of law he was not entitled to recover at all, he could not complain of the amount of the verdict nor of any of the charges or omissions to charge. *Flanders* v. *Meath*, supra. However, without determining that question, we think it clear that no material error was committed and that the court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*