22827. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* DUNN.

DECIDED APRIL 26, 1933. REHEARING DENIED MAY 27, 1933.

4

*McDaniel, Neely & Marshall,* for plaintiff in error.

*Thomas E. Scott,* contra.

SUTTON, J. Mrs. May G. Dunn brought suit for damages in the city court of Atlanta against the Southern Bell Telephone and Telegraph Company. In her petition she makes this case: On April 2, 1932, petitioner's telephone in the city of Atlanta got out of order and she notified the defendant of this fact. On April 4, 1932, the defendant sent its servant to her home to inspect and repair the telephone. The telephone was in the hall, a short distance from the bathroom. Defendant's servant who came to repair the telephone brought with him a tool-box, and, while he was repairing the telephone, he set the tool-box in the hallway in the middle of the bathroom door, and this was unknown to petitioner. . There were other places in the hall where he could have placed the tool-box without putting it in the bathroom door. Petitioner did not pay any particular attention to the defendant's servant, but went about her household duties. She went out into the yard for a short time and then went back into the house. When she went back into the house the defendant's servant was testing the telephone, and she passed by him on her way to the bathroom, in plain view and within two feet of him. When she reached the doorway of the bathroom she was tripped by the tool-box in the doorway, and fell and was injured. She had no notice from the defendant's servant that the tool-box was placed in her bathroom door, and coming out of the bright light in the yard into the house prevented her from seeing the tool-box, which was small and dark in color. She alleged that the defendant was negligent, through its servant, (*a*) in placing the tool-box in the doorway of the bathroom, (*b*) in not putting the same in some other place in the hallway, which was vacant and available, (*c*) in not notifying petitioner that the tool-box was placed in the doorway to the bathroom, and (*d*) in not removing the tool-box from the doorway when defendant's servant saw, or by the use of ordinary care could have seen, that petitioner was going into the bathroom, there being no other place where she could be going in that direction. Petitioner was using ordinary care and diligence and did not know that the tool-box was in the doorway, but did know that there was nothing in the doorway before the defendant's servant arrived. The acts of negligence of the defendant were the direct and proximate cause of petitioner's injury. The defendant demurred to the

petition, on the ground that the facts averred therein did not impose any liability upon it, and that no cause of action against it was set out therein. The court overruled the demurrer, and the defendant excepted.

Before the plaintiff would be entitled to recover in this case she must show that the defendant was negligent and that as the proximate and direct cause of this negligence she was injured as set out in her petition. Construing the petition most strongly against the plaintiff, it appears that a servant of the defendant came to her home to repair a telephone at plaintiff's instance; that the telephone was located in a hall in her home, a short distance from the bathroom; that the servant had a tool-box, and when he started to repair the telephone he set the box down in the hall in the middle of the doorway to the bathroom; that there was other available vacant space in the hall, where he could have placed the tool-box; that the plaintiff did not know that he had set the tool-box in the door to the bathroom; that the plaintiff went out in the yard and came back into the house; that because of the bright light outside she did not see the tool-box in the door to the bathroom; that the box was small and of a dark color; that she started into the bathroom and passed within two feet of defendant's servant; that he saw her, or by the exercise of ordinary care could have seen her, but that he did not inform her of the presence of the tool-box; and that she stumbled over the tool-box and was injured. She does not allege in her petition that it was not necessary for the servant of the defendant to have placed his tool-box in the doorway to the bathroom in order to repair the telephone, nor does she allege that the other available space in the hall where he could have placed the tool-box was as convenient and suitable for the servant, nor that to have placed the tool-box in one of such other places in the hall would have placed it where it would not have been stumbled over by one using the hall or doorway to the bathroom. The fact that the plaintiff came into the house with her vision impaired by the bright light outside, and for that reason did not see the tool-box, and stumbled over it, was the proximate and direct cause of the injury, and not the act of the defendant's servant in placing the tool-box in the doorway to the bathroom, it not appearing that it was not necessary in order to repair the telephone that he have his tools at this place and that

he could have placed the box in some other place in the hall, where it would not have been in the way of any one in the house using the hall or going into the bathroom, in which other place it would have been as convenient to the defendant's servant as in the doorway leading to the bathroom. Under the allegations of the petition, it must be presumed that it was light in the hallway, where the defendant's servant was working on the telephone. In these circumstances, we think that, construing all the allegations of the petition together, and most strongly against the plaintiff, the proximate and direct cause of plaintiff's injury was the fact that her vision had become temporarily impaired by reason of being outside in the bright light, and that had she had her full vision she could, by the exercise of the care used by a prudent person, have seen the tool-box in the doorway to the bathroom and have avoided tripping over the same and injuring herself. The plaintiff alleged that defendant's servant came into the house with the tool-box to repair the telephone. From the petition it appears that the plaintiff recognized the right of the servant to have the tool-box with him and to set it down near him while he was working on the telephone. However, the allegation that he set it down in the door to the bathroom, when there were other available places in the hall where he could have set the same, does not show any negligence on the part of the defendant by reason of its servant placing the tool-box in the doorway to the bathroom. Plaintiff does not show that she would not have been just as likely to have stumbled over the box in the hall on her way to the bathroom as in the door of the bathroom.

Taking the view we do of this case, it is our opinion that the court erred in overruling the demurrer to the petition.

*Judgment reversed, Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The petition alleges that the defendant, through its agent who had been sent to repair the plaintiff's telephone, deposited the defendant's tool-box "in the hallway in the middle of the bathroom door," that this was unknown to the petitioner, and that the petitioner, after coming into the house from a bright light on the outside, could not see the tool-box in the hallway, and, without seeing the tool-box, stumbled over it and was injured as she entered the bathroom door. It is also alleged that there were other places in the hall where the defendant's agent

could have put the tool-box without putting it in the bathroom door. I think the petition alleges negligence on the part of the defendant, and that it does not appear as a matter of law that the act of the plaintiff in going down the hallway and entering the bathroom without being able, on account of her subdued eyesight, to see the obstacle which the defendant's agent had placed in the bathroom door, was negligence proximately causing the injury. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). I am therefore of the opinion that the petition set out a cause of action, and that the trial judge did not err in overruling the demurrer. I dissent from the judgment of reversal.