### 22571. SEARS, ROEBUCK & COMPANY v. MOORE.

BROYLES, C. J. 1. In the light of the facts of the case and of the entire charge of the court, the excerpt from the charge complained of was not erroneous for any reason assigned.

2. The grounds of the motion for a new trial complaining of the court's refusal of certain written requests to charge the jury are too defective to be considered by this court, in that it is not alleged in the grounds that the requests were presented to the judge before the jury retired to consider their verdict, or that the requested instructions were pertinent and applicable to the facts of the case.

3. The alleged newly discovered evidence is not of such a character as would probably cause a different verdict upon another trial of the case.

4. Under the facts of the case and the instructions given by the court, the failure to charge the principles of law set out in special grounds 3(a) and 3(b) was not error, in the absence of timely and appropriate written requests.

5. Under all the facts of the case this court can not hold that the verdict in favor of the plaintiff for $2999 was excessive, or that the affidavit marked exhibit x, and attached to special ground 3-1/2 of the motion for new trial, shows bias and prejudice on the part of the jury.

6. Upon the first appearance here of this case (42 Ga. App. 658, 157 S. E. 106), this court held as follows: "In the instant suit for damages for injuries sustained by the plaintiff when she tripped and fell over a small chain suspended across and just above the floor in a corridor of the defendant's building through which customers were expected to pass in entering and leaving the building, it can not be held as a matter of law that the allegations of fact failed to show negligence on the part of the defendant, or that the petition disclosed such negligence or want of care on the part of the plaintiff as to bar a recovery. The petition set forth a cause of action, and the court erred in sustaining the general demurrer." In view of that decision (which became the law of the case and, whether right or wrong, is binding on this court), and of the evidence adduced upon the trial of the case, this court can not now hold that there was no evidence authorizing the jury to find that the defendant was negligent in one or more of the ways alleged in the petition, and that such negligence was the proximate cause of the plaintiff's injuries; nor can this court hold that the evidence disclosed such negligence or want of care on the part of the plaintiff as to bar a recovery by her. The verdict was authorized by the evidence; and it having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere.

466

7. This court not being satisfied that the writ of error was prosecuted for the purpose of delay, the request of the defendant in error that damages be awarded her is denied.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., concurs dubitante.*

Decided August 3, 1933. Rehearing denied September 15, 1933.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for plaintiff in error.

*Burress & Dillard,* contra.