22971. MOORE *v.* SEARS, ROEBUCK & COMPANY.

DECIDED JANUARY 9, 1934.

*Burress & Dillard,* for plaintiff.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for defendant.

JENKINS, P. J. 1. In this State, except where the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, "the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Civil Code (1910), § 4426. Under this rule of comparative negligence, "failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the

person injured." *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). "Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a patent defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury," but in such a case, if the plaintiff was negligent, the comparative negligence rule may be applied. *Wynne* v. *So. Bell Tel. Co.,* 159 *Ga.* 623 (4), 629 (126 S. E. 388). Where such an invitee, or other plaintiff in a tort case, proves his case as laid, and the evidence is of such nature as to authorize a finding that, while the defendant was negligent as charged, the plaintiff's injury was caused by the concurrent negligence of himself and the defendant, and his own negligence, not amounting to a total lack of ordinary care, was less than the negligence of the defendant, the jury will be unrestrained in comparing the negligence of the parties. They are the "chemists" with the right "to examine every molecule of the evidence, and to feel every shock and tremor of its probative force;" and their finding for the plaintiff in such a case of only a nominal amount will not be disturbed. *Vickers* v. *Atlanta & West Point R. Co.,* 64 *Ga.* 306; *Evans* v. *Central of Ga. Ry. Co.,* 38 *Ga. App.* 146, 147, 149 (142 S. E. 909). "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Civil Code, § 4399. Where the appellate court has reversed unduly small verdicts, in *Anglin* v. *Columbus,* 128 *Ga.* 469, 470 (57 S. E. 780), *Potter* v. *Swindle,* 77 *Ga.* 419 (2), 423 (3 S. E. 94); *Travers* v. *Macon Ry. & Lt. Co.,* 19 *Ga. App.* 15 (90 S. E. 732), and like cases, compensatory or exemplary or more than merely nominal damages were demanded under the evidence, or "there was no evidence upon which the jury could have found that the plaintiff was guilty of contributory negligence" (as was said in the *Anglin* case), or the comparative negligence rule was not involved.

2. In this action by the husband of an alleged invitee for the loss of his wife's services and doctor's bills, sustained from her in-

juries received in falling over a small chain suspended across the floor in a corridor of the defendant's building, the jury returned a verdict in favor of the plaintiff for one dollar. The plaintiff excepted through a motion for new trial on the general grounds, and on the special ground that the evidence demanded a verdict in favor of the plaintiff for a greater amount, and for a sum sufficient to reasonably compensate the plaintiff for his damages. It appears that the wife also brought an action for her own damages, and that, upon the sustaining of a demurrer to her petition, based upon charges of negligence similar to those in the instant case of the husband, this court held that her petition was not demurrable. The court said that, "Under the specific facts it should not be so held as a matter of law. . . This is not such a plain case that the court may decide it upon the pleadings and without reference to a jury; and the more especially is this true as regards the conduct of the plaintiff, since it is the rule in this State that the plaintiff may have a partial recovery notwithstanding there may have been some degree of contributory negligence on his or her part." *Moore* v. *Sears, Roebuck & Co.,* 42 *Ga. App.* 658, 661 (157 S. E. 106). Upon the subsequent recovery by the wife of the full amount of $2999 sued for by her, this court held, upon writ of error by the defendant, that "In view of that decision (which became the law of the case, and whether right or wrong, is binding on this court) and of the evidence adduced upon the trial of the case, this court can not now hold that there was no evidence authorizing the jury to find that the defendant was negligent in one or more of the ways alleged in the petition, and that such negligence was the proximate cause of the plaintiff's injuries; nor can this court hold that the evidence disclosed such negligence or want of care on the part of the plaintiff as to bar a recovery by her. The verdict was authorized by the evidence; and it having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere." *Sears, Roebuck & Co.* v. *Moore,* 47 *Ga. App.* 465 (170 S. E. 538). While those decisions in the case of the wife are not the law of the present case, the evidence and the pleadings were similar, and this court has held that, after approval of the verdict by the trial judge, it will not interfere with the functions of the jury. The evidence as to the glaring light from the outside being the occasion of the wife's not

seeing the chain which caused her injuries was not such as to demand a finding that it showed, as a matter of law, her own want of ordinary care, or that it was of itself the proximate cause of the injury, as appeared under the particular allegations of the petition in *So. Bell Tel. Co.* v. *Dunn,* 47 *Ga. App.* 3 (169 S. E. 512). It can not be said, as a matter of law, under all the evidence, that a verdict was either demanded for the plaintiff or demanded for the defendant; but the jury, as the supreme arbiter of the facts, sitting independently of the jury in the case of the wife, was authorized to make its own findings, and to apply, if it saw fit, the comparative negligence rule so as to find that the negligence of the wife, while less than that of the defendant, so closely approximated it in degree as to make proper a verdict of only one dollar. A verdict for either party or for a different amount not being demanded as a matter of law from the proof, the judgment will be affirmed.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*