23708. DUNN *v.* SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.

JENKINS, P. J. This court heretofore reversed a judgment of the trial court overruling a general demurrer to the petition. *Southern Bell Telephone Co.* v. *Dunn,* 47 *Ga. App.* 3 (169 S. E. 512). The remittitur was filed and by formal order of the judge entered on the minutes of the trial court, with a judgment against the plaintiff for costs, on June 28, 1933, during the May term of that court. On the day previous, the plaintiff filed with the deputy clerk of the trial court an amendment to her petition, without obtaining any written or oral order from the judge for its allowance, or, so far as disclosed by the record, applying therefor. On July 13, 1933, at the next term, the plaintiff filed a petition or application that her amendment be allowed nunc pro tunc as of June 28, 1933, in accordance with the law permitting her to have her amendment allowed before the remittitur from this court was made the judgment of the trial court. The plaintiff assigns error on the judgment sustaining a demurrer to her petition and refusing to grant her application. *Held:*

1. "Where a general demurrer to a petition was overruled by the trial court, and that judgment was subsequently reversed by [this court], the trial court had authority, before the remittitur was transmitted from [this court] to the trial court, to allow an amendment to the petition." The plaintiff could offer such an amendment at any time before the passing of the order making the judgment of this court the judgment of the trial court. *Jackson* v. *Security Ins. Co.,* 177 *Ga.* 631, 632 (170 S. E. 787). But the mere filing in the office of the clerk of the court of a paper called an amendment, without any allowance by the judge or order permitting it to be filed, does not amount to an amendment of the petition, and, on motion to strike, such a paper should be stricken from the files. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833).

2. "A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Such an entry can not be made to serve the office of correcting a decision however erroneous, or of supplying non-action on the part of the court." *Pendergrass* v. *Duke,* 147 *Ga.* 10 (2) (92 S. E. 649); *Stubbs* v. *Mendel,* 148 *Ga.* 802 (2), 804 (98 S. E. 476).

3. The mere lodging of the purported amendment to the petition in the office of the clerk of the trial court, prior to the making of the judgment of this court the judgment of that court, not amounting to an amendment, and the trial court having taken no action prior to the loss of its jurisdiction over the case by the entry of its judgment upon the remittitur, that court did not err in thereafter refusing to allow the amendment nunc pro tunc, so as to correct the previous judgment or non-action of the court.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*Thomas E. Scott,* for plaintiff.
*McDaniel, Neely & Marshall,* for defendant.