IVEY *v.* STATE MUTUAL INSURANCE COMPANY *et al.*

836

No. 15471. JUNE 6, 1946.

*Lowrey Stone,* for plaintiff.

*Graham Wright* and *John Henry Poole,* for defendants.

WYATT, Justice. ■ Suits against the maker and endorser of promissory notes, residing in different counties, shall be brought in the county where the maker resides. Code, § 2-4305; *Glenville Bank* v. *Deal,* 146 *Ga.* 127 (90 S. E. 958). Where the maker and the endorser of a promissory note are residents of different counties, and are sued jointly in the county of the residence of the latter, the court, in the absence of a waiver of jurisdiction, either express or implied, is without jurisdiction of the person of the maker, and a judgment rendered on such proceedings is void. *Graham* v. *Hall,* 68 *Ga.* 354 (4) ; *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32) ; *Goodman* v. *Mitcham,* 160 *Ga.* 546 (128 S. E. 793). This is true, notwithstanding the maker may have been served by second original in the county of his residence, where he does not appear and plead or otherwise waive jurisdiction. *Anderson* v. *Turner,* 35 *Ga. App.* 428 (133 S. E. 306) ; *Mauck* v.

*Rosser,* supra; *McKnight* v. *Wilson,* 158 *Ga.* 153 (122 S. E. 702).
· In the instant case, it appears from the face of the record that suit was instituted in the county of the residence of the endorser of a promissory note, and service upon the maker of the note was attempted by service of a second original in another county. In the circumstances, the judgment is absolutely void "and may be so held in any court when it becomes material to the interest of the parties to consider it." Code, § 110-709. The record showing on its face that the court was without jurisdiction of the person of the defendant, a failure to traverse the entry of service or to plead to the jurisdiction will not preclude the defendant from seeking, in an equitable action, to have the judgment set aside. *McKnight* v. *Wilson,* supra. Cases relied on by the defendant in error (*Harbig* v. *Freund,* 69 *Ga.* 180; *Hall* v. *Tiedeman,* 141 *Ga.* 602 (81 S. E. 868) ; *King* v. *Phillips,* 70 *Ga.* 409; *Bilbo* v. *Bilbo,* 167 *Ga.* 602, 146 S. E. 446) are clearly distinguishable. In those cases service was had on the defendant in the county where suit was instituted, and no lack of jurisdiction or venue appeared on the face of the record.

This being an equitable action to set aside a void judgment, for lack of jurisdiction of the person appearing on the face of the record, the statute of limitations (Code, § 3-702), providing that all actions to set aside judgments must be brought in three years, is not applicable. *Strickland* v. *Willingham,* 49 *Ga. App.* 355 (2) (175 S. E. 605) ; *Buchanan* v. *Williamson,* 131 *Ga.* 501 (4) (62 S. E. 815).

Under the foregoing rulings and the undisputed facts appearing in the record, the judgment excepted to was erroneous.

*Judgment reversed. All the Justices concur.*