33308. CAWTHON *v.* McCORD *et al.*

DECIDED JANUARY 25, 1951.

160

*Willingham, Gortatowsky & Morrison,* for plaintiff in error.
*Augustus M. Roan,* contra.

GARDNER, J. The act creating the Civil Court of Fulton County, formerly the Municipal Court of Atlanta, provides that a defendant sued therein "shall be served . . by delivering a copy thereof to the defendant, or by leaving such copy with some person more than eighteen years old domiciled at the residence of the defendant; and the . . deputy . . shall make return of service." (Ga. L. 1925, p. 379.). The return of service recites that the suit was served by leaving a

copy of the petition and process with one Norman, a person over 18 years of age, describing him, at the most notorious place of abode of the defendant. While Norman denies that he received the papers in person he states that they were placed upon the defendant's reception desk or table and that he lived at this place. Norman was not domiciled at the residence of the defendant. The court was authorized to find that the wife of the defendant received, in some way, a copy of the petition and process in time for the defendant to have appeared. But the evidence does not show that the papers were left with her by the officers. The evidence shows without dispute that the defendant did reside at the place where the papers were left.

The law relating generally to service of suits in this State in order to obtain jurisdiction and render such suits valid is exclusively statutory and must be substantially followed and complied with. See *Fincher & Womble* v. *Hanson,* 12 *Ga. App.* 608, 611 (77 S. E. 1068). Statutes providing for service must be construed with strictness. See 50 C. J. 493, 494. This is the method by which a court obtains jurisdiction over a person sued therein in order to be able to render a judgment against him. The statute here, being a special statute applying only to the Civil Court of Fulton County and not being attacked as being ineffectual, specifically provides that where the defendant is not served personally, that the papers shall be left with some person, above 18 years of age, domiciled at the defendant's residence. The purpose of this statute is to insure, as nearly as the legislature reasonably could, that the defendant would receive notice of the suit against him in order to give the court jurisdiction to subject the defendant's person and property to the orders and judgments of the court in that case. Here the papers were left at the defendant's residence and most notorious place of abode, but there was no personal service upon the defendant, and none was claimed. The evidence shows conclusively and without contradiction that Norman, the person with whom the copy of the petition and process were left, was not domiciled at the defendant's place of residence, but that Norman resided at No. 2788 Peachtree Road, and that Norman's wife had a real-estate office at No. 160 West Paces Ferry Road, where the defendant had both an office and place of residence. The fact that

the defendant's wife received these papers at some time on or before June 5, 1950, the appearance term of said case in said court and also the date on which the traverse was filed, were insufficient to authorize the court to find that a copy of the petition and process had been left with a person, over 18 years of age, domiciled at the defendant's residence. Leaving these papers with Norman who was, without dispute, only temporarily there, was not sufficient. See 42 Am. Jur. 51, 52, and cit.

It will be noted that Code §§ 24-1105 and 81-202, and the decisions relating thereto, make provision for service generally in the justice courts and other trial courts (see *Venable v. Long Realty Co.*, 46 *Ga. App.* 803, 169 S. E. 322), but the principles of law in those Code sections do not cover the legal manner of service of suits brought in the Civil Court of Fulton County. Therefore, the compliance with the provisions for service under the general statutes would not be a sufficient service in the Civil Court of Fulton County.

2. A motion is made here to dismiss the bill of exceptions on the ground that the assignments of error are incomplete and insufficient to present a question for this court to review. In support of this motion to dismiss, counsel for the defendant in error cites Code § 6-901, and calls our attention to *Rogers v. Culver*, 21 *Ga. App.* 95 (94 S. E. 266); *Starnes v. State*, 27 *Ga. App.* 174 (107 S. E. 630); *Smiley v. Smiley*, 144 *Ga.* 546 (87 S. E. 668), and "other cases under this Code section."

Upon reading the bill of exceptions, we find that the bill deals with and distinctly sets forth the issues presented to the court as to whether or not the service was valid. It sets forth fully in the bill of exceptions the evidence produced before the court on this issue. And also specifies the necessary records for a determination of the case. We think the bill of exceptions is amply sufficient. See, in this connection, *Fincher & Womble v. Hanson*, 12 *Ga. App.* 608 (1) (supra). See also *Holst v. Burrus*, 79 *Ga.* 111 (4 S. E. 108). No material fact in this case, as revealed by the bill of exceptions, is disputed. Where such is the case there are many decisions to the effect that an assignment of error as in the instant case is sufficient. The motion to dismiss is without merit.

The court erred in not sustaining the traverse and in not dismissing the petition.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*