## 35657. PIONEER PRODUCTS, INC. *v.* SINCLAIR.

CARLISLE, J. 1. "A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this Title applicable to a bill of exchange payable on demand apply to a check." Code § 14-1703.

2. "In all cases the indorser may be sued in the same action, and in the same county, with the maker, or drawer, or acceptor." Code § 14-1803.

3. "Suits against the maker and endorser of promissory notes, or drawer, acceptor and endorser of foreign or inland bills of exchange, or like in-

struments, residing in different counties shall be brought in the county where the maker or acceptor resides." Code § 2-4905.

4. When the foregoing sections of the Code are construed together it is manifest that, where the drawer of a check and the endorsers thereon are residents of different counties, a joint suit against the drawer and the endorsers must be brought in the county of the drawer's residence, in the absence of a waiver by the drawer of jurisdiction over his person. See, in this connection, *Ivey* v. *State Mutual Ins. Co.*, 200 *Ga.* 835 (38 S. E. 2d 601), and citations.

5. Under an application of the foregoing rules of law to the facts of the present case, the trial court erred in overruling the plea to the jurisdiction, which rendered all further proceedings nugatory. It appears from the evidence without contradiction that the check was drawn by the defendant Pioneer Products Company, a corporation incorporated in Glynn County and having and maintaining an office and place of business only in Wayne County, payable to the order of the endorsers, Starr & Knox, a partnership composed of partners resident in Coffee County. Starr & Knox, by Knox, endorsed the check in blank to the plaintiff, but before he presented the check for payment to the bank upon which it was drawn, the drawer stopped payment on the check, and upon presentation the bank refused payment. The plaintiff thereupon instituted his suit upon the check against the drawer and the endorsers in Coffee County, in the City Court of Douglas. That court is without jurisdiction of the defendant drawer.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 24, 1955.

*Rufus A. Moore,* for plaintiff in error.
*Gibson & Maddox,* contra.