36035.  NORRIS *v.* SOUTH SIDE ATLANTA BANK.

Decided March 8, 1956.

512

*R. B. Pullen,* for plaintiff in error.

*Brown & Shoob,* contra.

GARDNER, P. J.   Ordinarily a motion to set aside a judgment lies only for defects on the face of the record.   *Artope* v. *Barker,* 74 *Ga.* 462; *Sweat* v. *Latimer,* 119 *Ga.* 615 (46 S. E. 835).   But "even though the defect may not appear upon the face of the record, a court of law is not deprived of jurisdiction to grant relief against judgments irregularly or improperly obtained, upon

timely application by petition, with rule nisi or process and service upon the necessary parties." *Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568 (150 S. E. 569). Thus where there is no jurisdiction of the court over the person of the defendant, the question may be raised by equitable petition or motion to set aside in the nature thereof. *McKnight* v. *Wilson,* 158 *Ga.* 153, 161 (122 S. E. 702); *Anderson* v. *Turner,* 35 *Ga. App.* 428 (133 S. E. 306). Where the record shows on its face that the court is without jurisdiction of the defendant's person, failure to traverse the entry of service or plead to the jurisdiction will not preclude the defendant from seeking to have the judgment set aside. *Ivey* v. *State Mutual Ins. Co.,* 200 *Ga.* 835, 838 (38 S. E. 2d 601).

In all other circumstances, under Code § 81-214, the sheriff's entry of service must be traversed at the first term after notice thereof or it will be conclusive. *Winecoff* v. *Weeden,* 142 *Ga.* 552 (82 S. E. 1057); *Jennings* v. *Davis,* 92 *Ga. App.* 265 (88 S. E. 2d 544). The exception is where, with actual service, the court would have had no jurisdiction of the defendant or the subject matter of the suit. *Maund* v. *Keating,* 55 *Ga.* 396. In *McKnight* v. *Wilson,* supra, where the defendant was a nonresident of the State and the facts are substantially similar to the facts here alleged, the sheriff's entry of service was traversed. In *Anderson* v. *Turner,* supra, the sheriff was made a party in an independent petition to set aside the judgment filed by the judgment defendant and facts were alleged to show that the movant was a resident of another county of this State, which fact, if true, would make it impossible for the court in the absence of waiver to obtain jurisdiction over his person in any manner in the county in which the judgment against him had been obtained. Here the sheriff is not made a party, the return is not traversed, and it would be possible for the nonresident defendant to become subject to the jurisdiction of the court of the county where judgment was obtained by being served personally in such county. It is difficult to see how the defendant could attempt to prove that the court had no jurisdiction over his person and at the same time admit the truth of the entry of service that he was "served at his most notorious place of abode." The return of service should have been traversed and the sheriff was certainly a necessary party to the issue thus formed.

Accordingly, the trial court did not err in sustaining the motion to dismiss the motion to set aside the judgment, and the judgment of affirmance of the appellate division of the court is without error.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*