## 45712. MARTIN v. PRIOR TIRE COMPANY.

EBERHARDT, Judge. Prior Tire Company sued Martin in the Civil Court of Fulton County. The deputy marshal perfected service by leaving a copy of the petition and process "in the hands of Ron Wright, a colored person, age about 21 years, weight about 155 pounds, height about 5 feet 10 inches, domiciled at the residence of the defendant." No defensive pleadings were filed and in due course a default judgment was entered. Thereafter, when garnishment proceedings were instituted, the defendant moved to set aside the judgment on the ground that service had not been perfected in the manner required by § 36 of the Act creating the court (Ga. L. 1913, p. 145). A rule nisi was issued directing the plaintiff, the marshal and the deputy marshal, who made the entry of service, to show cause why the judgment should not be set aside. At the hearing neither the marshal nor his deputy appeared, and defendant testified that no such person as Ron Wright lived or had lived in his apartment and that he knew no such person; but he admitted that when he came home from work on the day when service was purportedly perfected he found a copy of the petition and process stuck in the door of his apartment.

Summary judgment was granted denying the motion to set the judgment aside, and on appeal to the appellate division of the Civil Court it was affirmed. Defendant now appeals to this court. *Held:*

1. The requirement for perfecting service in the Civil Court of Fulton County is statutory, is different from that which prevails for proceedings in other courts, and must be strictly complied with in order to form the basis for entering a judgment. *Cawthon v. McCord,* 83 Ga. App. 158, 161 (63 SE2d 287); *Washington Nat. Ins. Co. v. Edwards,* 102 Ga. App. 381, 382 (116 SE2d 514).

2. The entry of service is regular on its face, showing full compliance with the requirements of the Act creating the court in perfecting substituted service. Consequently, if, as defendant contends, there was a false entry in that the copy was not in fact left with a domiciliary of the apartment who was 18 years

old or more, it does not appear on the face of the record. "A motion to set aside a judgment must be predicated upon some defect apparent upon the face of the record (*Sweat v. Latimer,* 119 Ga. 615 (46 SE 835)) and it is error to set aside a judgment upon such a motion on the ground that the movant had never been served, when it affirmatively appears upon the face of the record that the movant had been served [citations omitted]." *Chas. S. Martin Dist. Co. v. Southern Furnace Co.,* 88 Ga. App. 339 (1) (76 SE2d 662). *Code* §§ 110-702, 81A-160 (d); *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756); *Northern Freight Lines, Inc. v. Fireman's Fund Ins. Companies,* 121 Ga. App. 786 (175 SE2d 104). Cf. *Norris v. South Side Atlanta Bank,* 93 Ga. App. 511 (92 SE2d 230).

The rule in this respect appears to be the same under the law existing prior to the adoption of the Civil Practice Act and under the Act itself.

3. While *Code* § 81-214 is specifically repealed by the Civil Practice Act (§ 81A-201(1)), the Civil Practice Act applies only to the courts specified in § 81A-101, as limited by § 81A-181, and as extended by § 8 of an Act relating to practice and procedure in certain courts below the superior court level (Ga. L. 1970, p. 679). We do not find it necessary to determine whether the provision for traversing service, found in *Code* § 81-214 is still viable in Fulton Civil Court, since the motion to set the judgment aside does not meet the requirements of a traverse.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.* Argued October 6, 1970—Decided October 14, 1970.

*Morris, Etheridge, Redfern & Butler, Philip F. Etheridge, John William Brent,* for appellant.