### 47244. MOTORS INSURANCE CORPORATION v. TURPIN.

QUILLIAN, Judge. Appellee Bill Turpin filed a complaint in the State Court of Habersham County, Georgia, against Motors Insurance Corporation, his collision insurance carrier, for property damage to his automobile. Service of the complaint was made on Gordon Haynes, President of Haynes-Gailey Pontiac Company. Motors Insurance failed to file an answer within the statutory period and a default judgment was taken by the appellee. Motors Insurance subsequently filed a motion to set aside the judgment based on the contention that the party served with the summons and complaint was not an agent of Motors Insurance Corporation and therefore service was void. The appellee contended that Haynes-Gailey was the agent for Motors Insurance, and Gordon Haynes, as President of Haynes-Gailey, was a proper party for service. The trial court denied the motion to set aside the judgment and appellant appealed from that decision. *Held:*

In *Martin v. Prior Tire Co.,* 122 Ga. App. 637, 638 (178 SE2d 306), it was held: "'A motion to set aside a judgment must be predicated upon some defect apparent upon the face of the record (*Sweat v. Latimer,* 119 Ga. 615 (46 SE 835)) and it is error to set aside a judgment upon such a motion on the ground that the movant had never been served, when it affirmatively appears upon the face of the record that the movant had been served (citations omitted).' *Chas. S. Martin Dist. Co. v. Southern Furnace Co.,* 88 Ga. App. 339 (1) (76 SE2d 662). *Code* §§ 110-702, 81A-160 (d); *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756); *Northern Freight Lines, Inc. v. Fireman's Fund Ins. Companies,* 121 Ga. App. 786 (175 SE2d 104). Cf. *Norris v. South Side Atlanta Bank,* 93 Ga. App. 511 (92 SE2d 230)."

In the case sub judice the defect alleged could only be reached by going behind the face of the record, and thus this pleading does not meet the requirements of a motion to set aside. The denial of the motion was not error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
SUBMITTED JUNE 5, 1972—DECIDED JULY 11, 1972.

*Jerome C. Ware,* for appellant.
*Joseph A. Griggs,* for appellee.